ISAIAH ARNOLD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

To sustain the charge of marrying the wife of another, it is necessary to establish the marriage either by the record thereof, or by the admission of the defendant, or by the testimony of some one who saw the ceremony performed, or by such other evidence as will clearly establish the fact. It must also be shown that the defendant knew, at the time of the marriage, that the woman was the wife of another.

Criminal Law. Marrying the wife of another. Before Judge STROZER. Mitchell Superior Court. May Term, 1874.

H. MORGAN, by R. H. CLARK, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted in the county of Mitchell for "marrying the wife of another," and on the trial thereof was found guilty by the jury. A motion was made for a new trial, on the ground that the verdict was contrary to the evidence and without evidence, contrary to law and the charge of the court, and because the court erred in charging the jury "that the living together as man and wife of the defendant and the woman charged to be the wife of another, was an admission of marriage," when such evidence did not prove the consummation of the marriage in Mitchell county. The court overruled the motion for a new trial, and the defendant excepted. The 4532d section of the Code declares that "if any man or woman, being unmarried, shall *knowingly* marry the wife or husband of another person, such man or woman shall, on conviction, be punished by imprisonment and labor in the penitentiary for any time not less than one year nor longer than three years." The offense with which the defendant was charged consists in marrying Malinda, the wife of Sam. Thomas, *knowing* that she was his wife. On the

trial of criminal cases of this description, the marriage of the defendant to the wife of another should be proved, either by the record of his marriage or by the admission of the defendant as to the fact of his marriage, or by the testimony of some one who saw him married, or by such other competent evidence as will clearly and satisfactorily establish the fact of his marriage, as alleged in the indictment.    General reputation or report that he was married is not sufficient to authorize a conviction.    The fact that he was actually married to the wife of another must be proved.    It must also be proved that the defendant *knew* at the time he married Malinda Thomas that she was the wife of Sam. Thomas.    The evidence in the record is not sufficient, in our judgment, under the law, to prove the fact of the marriage of the defendant to Malinda Thomas, nor does the evidence establish the fact that the defendant *knew* that she was the wife of Sam. Thomas at the time of the alleged marriage, and therefore the verdict was contrary to law.    In the view we have taken of this case we express no opinion whether the alleged marriage was consummated in Mitchell county, under the evidence in the record, or not.

Let the judgment of the court below be reversed.