THE BANK OF CHARLESTON v. DOWLING.

1. ACTION FOR POSSESSION OF REAL PROPERTY—DEED.—An action at law for possession of land, based on a sheriff's deed under execution sale, cannot be maintained unless the plaintiff had the deed when action was commenced.

2. DISMISSAL OF COMPLAINT—EQUITY—ACTION AT LAW.—It was error to dismiss the complaint in this action. The Court should have retained it, and passed on the equitable issues raised, as if there had been no joint demand for legal relief.

Before WITHERSPOON, J., Barnwell, January, 1895. Modified.

Action by the Bank of Charleston National Banking Association, in behalf of itself and all other creditors of the defendants, J. C. Dowling and E. H. Dowling, who shall in due time come into this action and contribute to the expense thereof, against J. C. Dowling, C. T. Dowling, and E. H. Dowling, in his own right and as executor of the last will and testament of Mrs. Virginia Spann Dowling, Henry Spann Dowling, Decania Dowling, and Lina E. Dowling, as heirs at law of Mrs. Virginia Spann Dowling, deceased.

*Messrs. R. A. Ellis* and *S. G. Mayfield*, for appellant.

*Messrs. Bates & Simms* and *Henderson Bros.*, contra.

March 6, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The allegations of the complaint are substantially as follows: I. The corporate existence of the Bank of Charleston National Banking Association. II. That on the 24th day of November, 1874, the defendant, E. H. Dowling, in consideration of $16,000, paid by J. C. and C. T. Dowling, made and delivered to the said J. C. Dowling and C. T. Dowling, a deed of conveyance to the land described in the complaint. III. That on the 13th March, 1875, J. C. and C. T. Dowling executed and delivered to E. H. Dowling their mortgage, to secure the payment of the balance of the purchase money on said land, conditioned for the payment of $16,000. IV. That J. C. and C. T. Dowling forthwith entered into possession of the said lands, and continued in possession thereof until December, 1877. V. That in December, 1877, the defendants, J. C. and C. T. Dowling, abandoned possession of the said lands, and voluntarily surrendered possession thereof to the defendant, E. H. Dowling, who forthwith entered into possession thereof, and has continued in possession thereof till the present time. VI. That on the      day of      , 1888, Mrs. Virginia Spann Dowling, the wife of the defendant, E. H. Dowling, departed this life, leaving of full force her last will and testament, wherein she left her entire real and personal property to "be during the lifetime and capacity of the said E. H. Dowling managed, controlled, exchanged, sold or otherwise disposed of at and by the discretion of the said Elijah H. Dowling, and without accountability therefor, and in accordance with any testamentary directions of the said Elijah H. Dowling, &c." VII. That the said Mrs. Virginia Spann Dowling left surviving her three children, the defendants, Henry Spann Dowling, Decania Dowling, and Lina E. Dowling, and said defendants are now infants above the age of fourteen years and under twenty-one years; and said children of Mrs. Virginia Spann Dowling are made parties hereto, that their

rights may be adjudicated.    VIII. That Elijah H. Dowling
was named as executor of said will and duly qualified as
executor thereof.    IX. That Mrs. Virginia Spann Dowling,
at the time of her marriage with the defendant, Elijah H.
Dowling, had very little property, real or personal, and to
the time of her death had not engaged in any business or
acquired any property whatsoever, by gift, devise or inher-
itance, except from her husband, the defendant, E. H. Dow-
ling.    X. That on the 29th day of December, 1876, the
defendants, J. C. Dowling and E. H. Dowling, became in-
debted to this plaintiff in the sum of $1,021.44, and same
indebtedness has been reduced to judgment by an order of
this Court, on February 28th, 1878, for $1,447.67, and $26.85
costs, &c.    XI. That on the 28th day of February, 1878,
judgment was duly given in favor of plaintiff in the above
cause, in the Court of Common Pleas, in county and State
aforesaid, against defendants, for the sum of $1,147.67, and
$26.85 costs and disbursements; and said judgment was re-
newed according to law on December 1st, 1893, with all the
force and effect of the former recovery.    XII. That on the
7th day of December, 1893, said judgment was duly recorded
in the judgment book in said office, and said judgment is
now a lien on all the real property of the defendants, J. C.
and E. H. Dowling.    XIII. That execution was issued to
enforce payment of said judgment.    XIV. That on the
day of January, 1894, under said execution, J. W. Lancaster,
sheriff of Barnwell County, levied upon 1,800 acres of land
(set forth in exhibit "B") as the property of J. C. and E. H.
Dowling, and after duly advertising the same, offered said
lands for sale at Barnwell C. H. on February 5th, 1894, to
the highest bidder for cash, and said lands and tenements
were sold to this plaintiff for the sum of $100, it being the
highest bid therefor, and plaintiff now holds said lands for
the benefit of itself and all other creditors of J. C. and E. H.
Dowling.    XV. That at the time of said sale and before the
purchase of said lands and tenements by the plaintiff, the
defendant, E. H. Dowling, announced "that the purchaser

would get no title, for this reason:" 1st. That E. H. Dowling had by deed conveyed said lands to J. C. Dowling and C. T. Dowling. 2d. That J. C. Dowling and C. T. Dowling had executed a mortgage over the property for the purchase of said lands, and E. H. Dowling had assigned the mortgage to Mrs. Rebecca Barr to secure her against loss on a judgment against him for $7,294; that subsequently said judgment debt to his sister was paid in full, and said E. H. Dowling transferred said mortgage to his wife, Mrs. Virginia Spann Dowling. 3d. That subsequent to said assignment the defendant, J. C. Dowling, by deed, conveyed all of his interest in said lands to said Mrs. Virginia Spann Dowling, and that C. T. Dowling's interest was covered by the said mortgage. 4th. That a homestead had been set off to said E. H. Dowling in lands which he did not own, and to which he was not entitled. Said announcement is set forth in exhibit "D," and made a part of this complaint, reference to which is craved from time to time as often as may be necessary. XVI. That at the time of the assignment of said mortgage by the defendant, E. H. Dowling, to Mrs. Rebecca Barr, said E. H. Dowling was wholly insolvent and unable to pay his debts, and said mortgage was the only property owned and possessed by E. H. Dowling, and said assignment was a fraud upon the other creditors of E. H. Dowling. XVII. That the subsequent assignment of said mortgage to the wife of the defendant, E. H. Dowling, was without consideration, and the conveyance by J. C. Dowling of his interest in said lands to Mrs. Virginia Spann Dowling, and the keeping the same off the records, and the making of said will by the said Mrs. Virginia Spann Dowling, whereby the entire control, management, and disposition of said real and personal property were left to the defendant, E. H. Dowling, for life, freed from accountability, &c., were each and every part of one scheme, devised by the defendant, E. H. Dowling, for the purpose of keeping possession of his said property under cover of a pretended fiduciary capacity, and were a fraud upon the creditors of J. C. Dowling and E. H.

Dowling.   XVIII.  That the plaintiff had no knowledge of
said assignment of said mortgage as aforesaid and of said
conveyance by J. C. Dowling as aforesaid to Mrs. Virginia
Spann Dowling until the announcement was made by the
defendant, E. H. Dowling, as no record of said transaction
was entered in office of the register of mesne conveyance
for this county.   XIX.  That C. T. Dowling has or claims
some interest in the property, and he is made a party to this
action that his rights may be adjudicated.   XX.  That said
mortgage has been fully satisfied, but remains unsatisfied
on the record.   XXI.  That the plaintiff is now absolute
owner of said lands for himself and other creditors.   XXII.
That said alleged conveyance from J. C. Dowling to Mrs.
Virginia Spann Dowling and said alleged transfer of said
mortgage to Mrs. Virginia Spann Dowling, and the alleged
holding of said property by E. H. Dowling, as executor of
the last will and testament of Mrs. Virginia Spann Dow-
ling, were and are clouds upon the title of this plaintiff as
aforesaid.

The prayer of the complaint is as follows: "1st. That said
alleged deed of J. C. Dowling to Mrs. Virginia Spann Dow-
ling be declared a fraud upon the creditors of the said J. C.
Dowling and E. H. Dowling, and that the said defendants
be required to produce said deed, and that it be delivered to
clerk of this court and canceled as a cloud upon the title of
this plaintiff.   2d. That the alleged assignment of said
mortgage to Mrs. Rebecca Barr be held to be a transfer of
the property of defendant, E. H. Dowling, as with undue
preference, and in fraud of the creditors of E. H. Dowling.
3d. That the subsequent transfer of said mortgage to the
wife of the defendant, E. H. Dowling, be cancelled as a
fraud upon the creditors of J. C. Dowling and E. H. Dow-
ling.   4th. That the holding of Mrs. Virginia Spann Dow-
ling, during her lifetime, under the assignment of said
mortgage and the said deed from J. C. Dowling, and the
subsequent holding of E. H. Dowling, as executor under
the will of said Mrs. Virginia Spann Dowling, be held to be

50—45

in fraud of the creditors of J. C. Dowling and E. H. Dowling. 5th. That the life estate of the defendant, E. H. Dowling, under said will, and the remainder to the defendants, Henry Spann Dowling, Decania Dowling, and Lina E. Dowling, be cut off, and the holding each and every the said E. H. Dowling, as executor, and Henry Spann Dowling, Decania Dowling, and Lina E. Dowling, as heirs at law, be held to be a fraud upon the creditors of J. C. Dowling and E. H. Dowling. 6th. That the possession of said lands and tenements be delivered unto the plaintiff as owner thereof for itself and other creditors. 7th. That the rights of C. T. Dowling be adjudicated. 8th. That a receiver be appointed to take possession of the property of said J. C. Dowling and E. H. Dowling, with the usual power of receivers, and that the defendants be required to deliver possession of both real and personal property to such receiver. 9th. For such other and further relief as to the Court may seem just and equitable, and for the cost of this action."

Although the property was bid off by the plaintiff at the sale made by the sheriff before the commencement of this action, the sheriff's deed was not delivered until thereafter. His Honor in his decree says: "As plaintiff did not have a deed from the sheriff when this action was commenced, I conclude that the action could not be maintained as an action at law for the recovery of possession of real estate." The case of *Moon* v. *Johnson*, 14 S. C., 434, and the cases therein cited, sustain this conclusion of the Circuit Judge.

His Honor then says: "As the relief sought in equity was subsidiary to and dependent upon plaintiff's having the sheriff's deed at the commencement of plaintiff's action, I further conclude, as the legal action cannot be maintained, it would be useless and improper at this time to consider and pass upon either the legal or equitable issues raised by the pleadings. It is, therefore, ordered and adjudged, that the plaintiff's complaint be dismissed with costs, for the reasons above stated." We cannot con-

cur with the Circuit Judge in this conclusion. The complaint seeks both legal and equitable relief. Even if all the allegations as to the ownership of the land by the plaintiff should be struck out of the complaint, the allegations would still remain that the plaintiffs are judgment creditors of J. C. and E. H. Dowling; that the said E. H. Dowling was insolvent, and that the different transactions mentioned in the complaint constituted a fraud upon the rights of creditors. The views which we entertain have been so thoroughly considered and expressed in the cases in our State, that we deem it only necessary to refer to some of them, to wit: *Sires* v. *Sires*, 43 S. C., 266; *Miller* v. *Hughes*, 33 S. C., 530; *McMahan* v. *Dawkins*, 22 S. C., 314, and *Burch* v. *Brantly*, 20 S. C., 503. The case of *Wagener* v. *Mars*, 27 S. C., 97, shows that the creditor can have complete relief on the equity side of the Court, if the transactions mentioned in the complaint should be declared fraudulent, by having the lands sold under a decree in this case, and the proceeds applied to the payment of the debts of the judgment creditors.

His Honor, the Circuit Judge, did not pass upon the equitable issues herein, and as the case must be remanded for the purpose of having these issues decided in the Court below, it is proper that this Court should not consider appellant's other exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be modified, and the case remanded to the Circuit Court for the purposes herein mentioned.