### McSEIN *v.* THE STATE.

1. On a trial for bigamy the fact of the first marriage may be established by the admissions of the defendant.
2. In view of the law applicable to the case the verdict was demanded by the evidence, the jury having evidently disregarded the statement of the defendant.

3. There was no charge or ruling of the court requiring the grant of a new trial.

Submitted April 22,—Decided May 10, 1904.

Indictment for bigamy. Before Judge Seabrook. Chatham superior court. February 19, 1904.

*William F. Slater* and *William D. Morgan,* for plaintiff in error. *William W. Osborne, solicitor-general,* contra.

LAMAR, J. The defendant was tried for bigamy. The second marriage was proved by the testimony of eye-witnesses, and the first by the oral and written admissions of the defendant. While there is some conflict on the subject, the great weight of authority is in favor of the proposition that the defendant's uncorroborated admissions are sufficient to establish the first marriage (Miles *v.* U. S., 103 U. S. 304); and such is the rule heretofore recognized in this State. *Cook* v. *State,* 11 *Ga.* 54; *Arnold* v. *State,* 53 *Ga.* 574. It is evident that the jury believed the admissions and disbelieved the statement. The evidence for the State demanded the verdict. There is no proper assignment of any error in admitting testimony, nor was there any error in the charge as to confessions and admissions, requiring a new trial; and the judgment is

*Affirmed. All the Justices concur.*