## 2555.  OLIVER v. THE STATE.

1. It is not essential in an indictment for bigamy to allege the time when and the place at which the prior marriage took place.
2. Where the indictment alleges that the defendant, "being lawfully married" to one woman, who was then and there alive, did afterwards marry another, it is sufficient, without negativing that the first marriage had been dissolved by divorce.
3. It is not error to refuse to continue a case for the absence of a witness whose testimony, as disclosed by the motion for continuance, would rest on hearsay alone.
4. It is relevant, upon a prosecution for bigamy, to introduce a certified copy of a divorce proceeding brought by the alleged former wife against the defendant, in which he had been served or had acknowledged service, and to which he had filed an answer not denying the marriage, where it appears that the verdicts in the divorce proceedings were not granted until after the second marriage.  The fact of the defendant's having answered the divorce suit without denying the marriage is itself evidentiary of his prior marriage to the plaintiff in that suit.
5. There is no error in charging the jury, in a prosecution for bigamy, that the fact of the first marriage might be established by sayings or declarations of the defendant, proved to have been made by him during the time when he and the alleged first wife were living togther as if they were husband and wife.
6. There was no material error in the admission of testimony.
7. The evidence authorized the verdict.
8. The court did not err in refusing to grant a new trial on account of the alleged newly discovered testimony.

Indictment for bigamy; from Decatur superior court—Judge Park.  March 1, 1910.

Submitted April 12,—Decided April 19, 1910.

E. S. Longley, W. M. Harrell, J. H. Gilpin, for plaintiff in error.

W. E. Wooten, solicitor-general, R. R. Arnold, T. S. Hawes, contra.

PowELL, J.  1, 2.  The indictment charged "A. D. Oliver, alias LeRoy C. Harding, alias Charles Blazer, alias John R. Davis, with the offense of bigamy, for that the said defendant, on the 31st day of March in the year 1909, in the county aforesaid, did then and there, unlawfully and with force and arms, being lawfully married to one Mary Ella Hodges, did marry one Rosebud English, the said lawful wife, Mary Ella, being then and there alive, which fact was then and there known to and by said defendant."  The defendant demurred, on the ground that the indictment failed to set forth the time when and the place where the defendant was married to Mary Ella Hodges; also because it failed to allege that he had not

been divorced from Mary Ella Hodges at the time of the alleged second marriage. The first headnote is taken verbatim from the case of *Murphy* v. *State,* 122 *Ga.* 149 (50 S. E. 48). The ruling in the second headnote seems equally obvious. The indictment is substantially in the language of the statute; the grant of a divorce would be a matter of defense not necessary to be negatived in the indictment, if, indeed, the allegation that he was then and there lawfully married to the alleged first wife is not equivalent to an allegation that the marriage had not been dissolved by a divorce decree.

3. The defendant moved to continue because of the absence of one White, whom he desired to use as a witness. It appeared that he wished to prove that White, as United States marshal, had measured him and had otherwise physically examined him, and that White's measurements did not correspond with certain Bertillon measurements, which had been sent out from some source, probably the United States prison in Ohio, describing one LeRoy C. Harding, which the State contended was an alias of the defendant. As the State was not relying on any Bertillon measurements to identify the prisoner, White's alleged testimony, when boiled down, would have gone simply and solely to the effect that the present prisoner did not correspond with what some outsider had said should be the correct description of him. It was not insisted that White had any knowledge of the correctness of the alleged Bertillon measurements, and, as his testimony would not have been admissible on the trial, there was no error in refusing a continuance for the purpose of getting it.

4. The State tendered in evidence a certified copy of a divorce proceeding brought in Fulton superior court by Mary Ella Harding against LeRoy C. Harding, filed in office July 1, 1908, on which, on July 5, 1908, the defendant therein acknowledged service, and on which, on September 26, 1908, through his attorneys, he filed an answer contesting the grounds of divorce—the first verdict on the proceeding having been rendered on March 29, 1909, and the second verdict on September 22, 1909. It was objected to on the ground that the defendant on trial had never been identified as LeRoy C. Harding; also, that his marriage to Mary Ella Harding had never been established; that the State could only prove his marriage to her by an eye-witness or by proper certificate from

the State or place where the marriage ceremony was conducted. The defendant was identified by witnesses as being LeRoy C. Harding, and there were circumstances identifying him as the person mentioned in the divorce suit. The objection on the ground of lack of identification is, therefore, not meritorious. Nor was the other ground good; the very object of introducing the proceeding, including the defendant's answer, was to show the fact of the former marriage; it was a quasi admission of the former marriage, that he answered the divorce proceeding without denying it, though contesting the plaintiff's right to a divorce on other grounds. It is well settled that on a trial for bigamy the fact of the first marriage may be established by the admissions of the accused. *Murphy* v. *State,* supra; *McSein* v. *State,* 120 *Ga.* 175 (47 S. E. 544).

5. One of the exceptions is that the judge erred in charging the jury, in effect, that the marriage to the first wife might be proved by the sayings or declarations of the defendant, made at a time when he and the alleged first wife were living and cohabiting together as if they were man and wife. There was no error in this. On a trial for bigamy the fact of the first marriage may be established by the admissions of the accused, even though not made pending cohabitation with the alleged first wife. *Murphy* v. *State; McSein* v. *State,* supra, and cases cited. Further, the declarations of the alleged husband and wife pending cohabitation are admissible as a part of the res gestæ. *Drawdy* v. *Hesters,* 130 *Ga.* 161 (3), 165 (60 S. E. 451, 15 L. R. A. (N. S.) 190). It is not true, as contended by the plaintiff in error, that in a prosecution for bigamy the State must prove the alleged prior marriage by an eye-witness, or by a certified copy or by proper certificate from the State or place where the marriage was conducted, and must further directly prove that the marriage was lawfully solemnized according to the laws of the State where it took place. While the State must prove a lawful prior marriage,—lawful according to the law of the State where celebrated or contracted,—yet the proof may be circumstantial, as well as direct; and where a married state is proved, it will be presumed, until the contrary appears, that it was lawfully contracted, in accordance with the laws of the State where the marriage took place. *Dale* v. *State,* 88 *Ga.* 552 (2), 555 (15 S. E. 287). See also *Murphy* v. *State,* supra.

6. Exception is taken to certain rulings as to the admission of testimony. It will be sufficient to say that if the court committed any error at all in these rulings, it was against the State, and not against the accused. The testimony was in relation to the State's attempt to prove the first marriage by circumstances. It is plain that the court struck out all evidence of the former marriage resting on reputation only. His ruling in this respect seems to be justified by a statement in the case of *Arnold* v. *State, 53 Ga.* 574 —a bare, unsupported dictum. However, in the case of *Drawdy* v. *Hesters*, supra, there is a well-reasoned and well-considered opinion holding that on a trial involving the issue of marriage vel non, evidence of the general repute in the neighborhood is admissible. Though the rulings complained of in the present case are not such as to confer upon us the jurisdiction to make an authoritative ruling upon the question as to whether general reputation in the community as to the first marriage is admissible in a bigamy case or not, and, therefore, the intimation which we have given to that effect is obiter, yet what we have said makes it plain that if the court erred at all, it was against the State, not the accused.

7. We have gone carefully through the brief of the evidence. It authorizes the verdict. The contention of the defendant is that he is not the same person as LeRoy C. Harding, who married Mary Ella Hodges—that it was his twin brother who married her. The brief of the evidence is hardly in legal form for our consideration, for lack of condensation in compliance with the statute. Nevertheless, we have read it and considered it, and we are not prepared to say that the jury made any mistake in their finding that the man on trial is the same man that entered into both marriages.

8. The alleged newly discovered testimony was essentially cumulative; it related to the question of whether the present defendant or his twin brother went under the name of LeRoy C. Harding. Further, while there is an affidavit by the defendant stating that he could not obtain this testimony by diligence, yet he gives no reason why he could not have done so. If he had a twin brother who went under the name of Harding, he knew that fact before the trial as well as he did afterwards, and knew that the neighbors in the community where they had lived would probably testify to the facts.          *Judgment affirmed.*