### 6466.  WYNNE *v.* THE STATE.

BROYLES, J.  1. By the common law and the law of this State, a mutual agreement to be husband and wife, by parties able to contract, followed by cohabitation, is recognized as a valid marriage. *Askew* v. *Dupree,* 30 *Ga.* 173; *Dillon* v. *Dillon,* 60 *Ga.* 204, 209; *Clark* v. *Cassidy,* 64 *Ga.* 662; *Smith* v. *Smith,* 84 *Ga.* 440 (11 S. E. 496, 8 L. R. A. 362); *Dale* v. *State,* 88 *Ga.* 552 (15 S. E. 287); *Southern Railway Co.* v. *Brown,* 126 *Ga.* 1, 2 (54 S. E. 911); *Drawdy* v. *Hesters,* 130 *Ga.* 161, 168 (60 S. E. 451, 15 L. R. A. (N. S.) 190); *Oliver* v. *State,* 7 *Ga. App.* 695, 697 (67 S. E. 886).

2. The accused was indicted for the abandonment of his minor child, and his only defense was that he had never been legally married to the mother of the child, and that, under the law, he could not be convicted for the abandonment of an illegitimate child. There was sufficient evidence to authorize the jury to find that there had been a legal ceremonial marriage between the accused and the prosecutrix, but this finding was not demanded by the evidence. However, the evidence, taken as a whole, and including the defendant's statement, demanded a finding that there had at least been a valid common-law marriage between these parties, and that the abandoned child was the legitimate offspring of this union. This being true, the conviction of the accused was demanded by the evidence; and consequently, if there were any errors in the charge of the court, they do not require the grant of a new trial.

*Judgment affirmed.*

RUSSELL, C. J., dissenting. There was acute conflict as to whether the relation existing between the defendant and the prosecutrix was a wedlock or concubinage. If the relation was one of mere concubinage, the

child would be a bastard, and is "nullius filius," and is not within the contemplation of the code section penalizing the abandonment of a child by the father. The father of a bastard has his duty to the child fixed by the statute as to bastardy, and by it may be compelled to provide for his offspring, but he is only in a penal sense a father, and then only after his paternity has been judicially determined. The charge of the court to the effect that the putative father of a bastard child is liable for its support and may be guilty of the statutory offense of the abandonment of a child rendered it entirely unnecessary for the jury in this case to inquire whether the defendant and the prosecutrix had in fact ever been married in any of the modes prescribed, and compelled the conviction of the accused even if the jury had discredited the testimony as to a marriage, and although they may have believed, from the evidence, that there had never been even the pretense of a marriage between the parties.

Decided October 7, 1915. Rehearing denied November 5, 1915.

Indictment for abandonment of child; from Fulton superior court—Judge W. E. Thomas presiding. February 22, 1915.

*Frank L. Haralson,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general,* contra.

### ON MOTION FOR REHEARING.

Broyles, J. Under the evidence and the defendant's statement at the trial, the verdict rendered was demanded. When all the undisputed facts in this case are considered, to wit, the living together of the prosecutrix and the accused as man and wife for four years, in fourteen or fifteen different States of the Union; the introduction of the woman (the prosecutrix) by the defendant to his father, brothers, and sisters as his wife; her living with the defendant as his wife amongst his family, in the same house, for many months; his many letters, introduced in evidence, and written to her during a period of several years, the envelopes of which were addressed to her as "Mrs. A. B. Wynne" (his name), and beginning, "My dear wife," and signed, "Your loving husband;" the admission of the defendant in his statement that he addressed the prosecutrix as his wife, and took her into his family as such; the fact that the defendant, in his statement at the trial, did not deny that he and the prosecutrix, before their cohabitation, had made a mutual agreement to live together as husband and wife, and did not deny that the child in question was his own; his failure to deny any of the above-stated facts, except his mere general statement that "there is no marriage and she can't find any; she says that the marriage taken place in Cincinnati, yet she writes

to Covington, Kentucky, for the record,"—all combined, demanded a finding that at least a state of common-law marriage existed between them, and that the abandoned child was legitimate. The defendant, by his own words, just quoted, was evidently only denying that there had been a ceremonial marriage as testified to by the prosecutrix. Under such a state of facts as is disclosed by this record, the law will presume a prior mutual agreement between the parties to be husband and wife, and when (as in this case) that presumption is not overcome, it becomes conclusive, and no other finding by the jury could be legally made. As was said by Chief Justice Russell in *Williams* v. *State*, 15 *Ga. App.* 311 (82 S. E. 817): "Nothing is better settled than that when a verdict is demanded by the evidence, and no other finding upon the evidence adduced would have been legal and proper, a new trial will not be granted, no matter what errors may have been committed. We confess that this statement is extremely broad; and yet, where the evidence would require the same result upon another trial, it would be a travesty on justice to retry, and again try, a cause, in order to be certain that every detail in the proceeding is technically correct."

*Rehearing denied. Russell, C. J., dissents.*