### 14384.   GIBSON v. MASON.

JENKINS, P. J.   1. Rulings of the trial court on a demurrer, on a motion to dismiss, or on motion for nonsuit, cannot be questioned by grounds contained in a motion for new trial. *Waldrop* v. *Wolff*, 114 *Ga.* 610 (3), 613 (40 S. E. 830); *Equitable Securities Co.* v. *Worley*, 108 *Ga.* 760 (33 S. E. 49); *Bagwell* v. *Milam*, 9 *Ga. App.* 315 (3), 319 (71 S. E. 864); *Buchanan* v. *James*, 134 *Ga.* 475 (3) (68 S. E. 72); *Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69 (1) (82 S. E. 588).

2. "A judgment on demurrer, until reversed, concludes the parties upon all questions necessarily involved in the decision of the points raised in the demurrer." *Ga. Northern Ry. Co.* v. *Hutchins*, 119 *Ga.* 504 (2) (46 S. E. 659); *Turner* v. *Willingham*, 148 *Ga.* 274 (1, 2) (96 S. E. 565). Where one suing as a daughter of a deceased intestate filed in the court of ordinary a petition to set aside as null and void the judgment of that court on the return of appraisers awarding a year's support to the widow of the deceased, upon the ground that the widow had untruthfully and fraudulently stated in her application and to the appraisers that the deceased left no children, that this had affected the return, and that the amount returned was exorbitant, and where the defendant demurred generally and specially to the petition, upon the grounds that no cause of action was stated, that the published cita-

tion as made in the court of ordinary was the only notice to which the plaintiff was entitled, that it was immaterial whether or not the return of the appraisers was exorbitant, that the judgment upon the return of the appraisers was conclusive of all these questions, and that the court was without power to nullify or set aside such judgment, and where, in addition to such grounds, the defendant, by motion to dismiss the petition, set up that the time for filing objections to the return of the appraisers and for attacking the judgment of the court of ordinary making the return of the appraisers the judgment of the court was past and the defendant did not file exceptions pendente lite or a direct bill of exceptions to the orders overruling the demurrers and the motion to dismiss, but the present bill of exceptions to the order denying a new trial was brought by the defendant more than a year subsequent to such orders, the defendant was concluded by the rulings upon the questions necessarily involved in such decisions.

3. Filiation being established, the child is presumed to be legitimate until the contrary is shown; and this rule applies to every case where the question is at issue. If a former marriage is necessary to sustain the presumption, it will be assumed until contrary proof is given.  7 Corpus Juris, 940; 3 Ruling. Case Law, 725.

4. "Pedigree, including descent, relationship, birth, marriage, and death, may be proved either by the declarations of deceased persons related by blood or marriage, or by general repute in the family." Civil Code (1910), § 5764.  While general reputation in the community may establish the fact of marriage, where the issue is merely one of marriage vel non, and pedigree is not in question, yet matters of pedigree cannot thus be proved or disproved.  Thus, proof seeking indirectly to show that a child is illegitimate, by showing general reputation in the community that the father was a single man, was inadmissible. *Lamar* v. *Allen*, 108 *Ga.* 158 (3) (33 S. E. 958), 161; *Wright* v. *Hicks*, 15 *Ga.* 160 (1) (60 Am. D. 687); *Harrison* v. *Odum*, 148 *Ga.* 496 (96 S. E. 1038); *Plummer* v. *State*, 27 *Ga. App.* 185 (108 S. E. 128); Greenleaf on Evidence, §§ 134, 107.

(a) Irrespective of whether or not the testimony of a witness introduced by the defendant that a woman by the name of "Angeline," whose last name the witness did not recall, at some uncertainly placed time had stated to the witness that a person other than the plaintiff's father was her ("Angeline's") husband, would have been admissible, if it had been properly connected with other evidence, as tending to show that the alleged subsequent marriage of the plaintiff's father with the plaintiff's mother did not take place or was illegal, so as to render the plaintiff illegitimate (see *Whigby* v. *Burnham*, 135 *Ga.* 584 (3), 586, 69 S. E. 1114; *McSein* v. *State*, 120 *Ga.* 175, 176, 47 S. E. 544; *Arnold* v. *State*, 53 *Ga.* 574; *Cook* v. *State*, 11 *Ga.* 54, 56 Am. Dec. 410; *Wood* v. *State*, 62 *Ga.* 406), there was nothing to show directly or circumstantially that the woman thus referred to by the witness was the plaintiff's mother. The plaintiff testified that she had heard her father speak of a marriage with the plaintiff's mother, and that her father said the mother's name was "Annie," while the defendant testified that the mother's name was "Angeline Taylor," and a witness

for the defendant testified as to a declaration by the father that the mother's name was "Angeline," the identity of such person as the "Angeline" mentioned in the testimony excluded was not established.

(b) Under the rules stated, the special grounds of the defendant's motion for new trial, excepting to rulings on the admissibility of evidence, were without merit.

5. Under the legal presumption of legitimacy, coupled with the evidence of witnesses that the plaintiff's father had reared her as a member of his household and treated her the same as a legitimate daughter, and evidence of the plaintiff herself as to a declaration by the father that he was in fact married to the plaintiff's mother at a stated place, thus establishing her legitimacy, and under further evidence, tending to show that the defendant, in her application for year's support, had knowingly concealed the fact that the deceased was survived by the plaintiff as a legitimate child, and had stated to the appraisers that the deceased left no legal heirs other than herself, as his widow, and that this had actually controlled or materially affected the decision of one of the appraisers, the jury were authorized to find for the plaintiff.        *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 9, 1924.

Appeal; from Fulton superior court—Judge Bell.    February 12, 1923.

*W. W. Gaines,* for plaintiff in error.

*Mitchell & Mitchell,* contra.