### 16054.　QUARTERMAN *v.* GODWIN.

JENKINS, P. J.　1. "No cause for reversing a judgment denying a new trial is presented by a general assignment of error, that the verdict is contrary to the charge of the court, or to a specified portion thereof."

*Wight* v. *Schmidt*, 111 *Ga.* 858 (1) (36 S. E. 937); *Athens Mfg. Co.* v. *Rucker*, 80 *Ga.* 291 (5), 296 (4 S. E. 885).

2. "A judgment on demurrer until reversed concludes the parties upon all questions necessarily involved in the decision of the points raised in the demurrer." *Gibson* v. *Mason*, 31 *Ga. App.* 584 (2) (121 S. E. 584). "A judgment overruling a general demurrer to a petition, unless excepted to and reversed, is an adjudication that the petition sets forth a cause of action; and the court may not by indirection deprive the plaintiff of the estoppel he is entitled to urge as against the defendant. . . In such circumstances the trial judge may not give to the defendant the benefit of the defense set up in the demurrer; and it is not error to instruct the jury in effect that the plaintiff may recover upon proof of the allegations made in the petition." *Turner* v. *Willingham*, 148 *Ga.* 274 (2) (96 S. E. 565); *Brooks* v. *Rawlings*, 138 *Ga.* 310, 313 (96 S. E. 565); *Sims* v. *Ga. Ry. & Elec. Co.*, 123 *Ga.* 643 (75 S. E. 157); *Pierpont* v. *Savannah*, 153 *Ga.* 455 (112 S. E. 462); *Hixon* v. *Hinkle*, 156 *Ga.* 341 (1) (118 S. E. 874). In the instant action for damages on account of the death from personal injuries of the plaintiff's husband, caused by the breaking of a defective fly-wheel in a corn-shredding machine, the petition alleged that the deceased was a share cropper on the farm of the defendant owner of the machine, and quoted all material portions of a written contract relied upon to show such relation of master and servant. The defendant, having generally demurred to the petition as setting forth no cause of action, is precluded by the judgment overruling his demurrer from insisting, under the general grounds of his motion for new trial, that the verdict is contrary to law because the contract created only a relation of partnership; the question of the status of the parties under the contract being necessarily involved in the ruling on the demurrer, and there being no exception to such ruling. There being no exception to any instruction of the court, the defendant can not complain that the question as to what was the relation of the parties under the contract was submitted to the jury.

3. The defendant's motion for new trial being limited to the general grounds, which, under the foregoing rulings, must be restricted to the questions of negligence, it can not be said that the verdict for the plaintiff was unauthorized. There was testimony tending to show that the defendant was the owner of the defective machinery, that it had been previously set up and the speed regulated by an employee of the owner acting under his direction, that the deceased was not an experienced mechanic and had not previously operated the machine, and that, whether or not the deceased should have observed the fact that the fly-wheel had been welded, the defective nature of which repairs it is claimed caused the injury, and should have anticipated the consequence that it would break from rapid running in its defective condition, the defendant had nevertheless, about a week prior to the injury, insisted that the deceased run the repaired shredding machine, and then assured him that it was "perfectly safe" and there was "not a bit of danger" in running it. See *Massee & Felton Lumber Co.* v. *Ivey*, 12 *Ga. App.* 583 (3) (77 S. E. 1130); *Hood* v. *Atlantic Steel Co.*, 29 *Ga. App.* 457 (2, 3) (115 S. E. 917); *Cen. of Ga. Ry. Co.* v. *Lindsey*, 28 *Ga. App.* 198 (110 S. E. 636);

*Bush* v. *West Yellow Pine Co.*, 2 *Ga. App.* 295 (58 S. E. 529); *Brown* v. *Rome Foundry*, 5 *Ga. App.* 149, 150 (62 S. E. 720); *Mitchell* v. *Schofield's Co.*, 19 *Ga. App.* 201, 203, 204 (91 S. E. 275).

*Judgment affirmed.* ·*Stephens and Bell, JJ., concur.*

DECIDED JULY 20, 1925.

Action for damages; from Chatham superior court—Judge Meldrim. September 22, 1924.

*N. J. Norman, Wilson & Rogers,* for plaintiff in error.
*David S. Atkinson,* contra.