19660. SMITH *v.* STATE MUTUAL LIFE INSURANCE CO.

DECIDED JANUARY 23, 1930.

*Hamilton & Hamilton, Wright, Wright & Covington, Peek, Randolph & Henson,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.

BELL, J. Robert B. Smith brought a suit for damages against State Mutual Life Insurance Company. The defendant demurred on general and special grounds, which the court overruled, and to this ruling the defendant took no exception. Upon the trial the court granted a nonsuit, after which the plaintiff brought the case to this court. According to the evidence the plaintiff was an employee of a tenant of the defendant, and was injured by falling through a platform adjacent to the store occupied by his employer and rented from the defendant. The principal question for determination is whether the plaintiff was rightfully upon the platform at the time of his injury. The evidence showed that the defendant was the owner of a building in the city of Rome in which were situated several stores fronting side by side upon a public street and connected at the rear with a platform which extended further backward to a railroad siding. The platform was constructed at a level with the floors of the several storerooms, and at the rear of each store was a door entering thereon. The platform was apparently vacant at the time of the renting and there were no steps leading to or upon the same at any place. The storeroom in which the defendant worked was supplied with natural light and ventilation only by the front and back doors and a window at the rear, and it was necessary that it be also lighted by electricity. The plaintiff was a tailor by trade, and on the particular morning "the electricity was off" and he momentarily stepped out upon the platform to "get a little light and air . . . because the building was in darkness." Just as he did so, a plank went down and he fell between the platform and the door. The platform was in fact intended by the landlord for the common use of the several tenants in receiving and transmitting freight and express, and for no other purpose, and there was evidence that the landlord retained the possession and control of the same. However, the store at which the plaintiff worked was rented to his employer by street number only, and there was no mention whatever of the platform. Nothing was said as to the tenant's right to use

it, or as to any limitation upon its use. In these circumstances, the jury could have found that the plaintiff was not a trespasser, but was an invitee, in undertaking to go for a moment upon the platform for the purpose indicated.

Where a house in a city is leased by street number, and no other property or privilege is mentioned, the lessee will have the right by implication to use so much of the lot upon which the building stands as is necessary for the full enjoyment of the rented building for the purpose for which it was let. This right follows by implication as an incident to the lease, and the scope of its exercise will ordinarily be a question of fact to be determined by a jury. Thus, where, as in the present case, the building so rented was connected at the rear with a platform constructed at a level with the floor of the rented building and extended to a near-by railroad siding, and at the time of the renting there was a door entering from the building to such platform, the tenant by construction acquired the right to use so much of the platform as was necessary for the full enjoyment of the building for the purpose for which it was rented. Patterson *v.* Graham, 140 Ill. 531 (30 N. E. 460) ; Meredith *v.* McCormick, 208 Mich. 563 (175 N. W. 280, 8 A. L. R. 669) ; 26 C. J. 29.

If the landlord desired to permit the use of the platform only for a specific purpose, such as the receipt and transmission of freight and express in connection with the lessee's business, this fact should have been expressed in the lease contract, or the lessee in some way put upon notice thereof at the time of the renting. *Snook & Austin Furniture Co.* v. *Steiner,* 117 *Ga.* 363 (43 S. E. 775) ; 36 C. J. 29. In the absence of express stipulation upon the subject, the lessee has the right to put the premises to such use as he pleases not materially different from that in which they are usually employed and to which they are adapted. *Asa G. Candler, Inc.* v. *Georgia Theatre Co.,* 148 *Ga.* 188 (96 S. E. 226, L. R. A. 1918F, 389) ; 36 C. J. 84.

The act of the plaintiff in momentarily stepping from the store and onto the platform for light and a breath of air did not conclusively place him without the course of his employment, since he was doing what a man connected with the business at which he was employed might reasonably do, and was at a place where he might reasonably be expected to go for such a purpose. Mueller

Construction Co. *v.* Industrial Board, 283 Ill. 148 (118 N. E. 1028, L. R. A. 1918F, 891, Ann. Cas. 1918E, 808); Willis *v.* Industrial Commission, 78 Okla. 216 (190 Pac. 92); National Biscuit Co. *v.* Roth, 83 Ind. App. 21 (146 N. E. 410). It can not be said as a matter of law that such conduct on his part did not constitute an incident to the business of his employer, the liberty of which was necessary to the complete enjoyment of the rented premises for the purposes for which they were let. See, in this connection, *Limerick* v. *Roberts,* 32 *Ga. App.* 755 (124 S. E. 806), and distinguish *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322).

The plaintiff in this case was not necessarily using the platform for a purpose foreign to the lease contract, but a jury could have found that the use which he made of it was one impliedly assented to by the landlord in the rental agreement. If this was so, he was acting in the right of his employer and was entitled to the same protection against negligence on the part of the landlord. *Crossgrove* v. *Atlantic Coast Line R. Co.,* 30 *Ga. App.* 462 (2) (118 S. E. 694).

The exceptionse being only to a judgment of nonsuit, the question is not whether the evidence demanded a finding that the plaintiff should be treated as an invitee, but is simply whether the jury could have determined this issue in his favor, and hence we have deemed it proper only to state the matter as a jury question, without further adjudication as to the plaintiff's rights.

Another question discussed in the briefs is whether the landlord had sufficient notice of the defect. The evidence would have authorized a finding that the landlord retained a qualified possession and general supervision of the platform, and was thus charged with knowledge of such condition as was discoverable by ordinary care, irrespective of any actual notice of the defect. *Monahan* v. *National Realty Co.,* 4 *Ga. App.* 680, 685, 686 (62 S. E. 127); *Marr* v. *Dieter,* 27 *Ga. App.* 711 (2) (109 S. E. 532); *Davis* v. *Hall,* 21 *Ga. App.* 265, 268 (94 S. E. 274); *Augusta-Aiken Ry. Co.* v. *Hafer,* 21 *Ga. App.* 246 (94 S. E. 252). The point is also made that if the landlord was entitled to be given notice by any other person, such notice should have emanated from the tenant, or one standing in his right, and not from a stranger, as seems to have been the fact. It appears from the record that the defendant raised this identical question by a demurrer to the petition. The demurrer was over-

ruled and the defendant failed to take exception to this ruling. The judgment upon the demurrer, therefore, stands as an adjudication that notice from a stranger would be sufficient, and, the plaintiff's allegation upon this subject having been proved as laid, the nonsuit can not be sustained as to this issue, no matter what is the true law upon the proposition stated. *Hawkins* v. *Studdard*, 132 *Ga.* 265 (2) (63 S. E. 852, 131 Am. St. R. 190) ; *Quarterman* v. *Godwin*, 34 *Ga. App.* 201 (2) (129 S. E. 14), and cit.; *Kelly* v. *Strouse*, 116 *Ga.* 872 (4 *d*) (43 S. E. 280).

The evidence authorized the inference that the plaintiff was entitled to be treated as an invitee, and also that the defendant landlord was guilty of negligence as charged in the petition. We think it unnecessary to discuss in detail other points argued in the briefs of counsel. Suffice it to say, the evidence would have authorized a finding in favor of the truth of all the material allegations of the petition. It was therefore error to grant a nonsuit. *Rountree* v. *Seaboard Air-Line Ry. Co.*, 31 *Ga. App.* 231 (120 S. E. 654).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*