ROBERT J. LIGHTFOOT, plaintiff in error, *vs.* THE PLANTERS' BANKING COMPANY *et al.*, defendants in error.

1. Suit here against the debtor, and attachment in another state against his property, may proceed at the same time for the same debt.
2. Third persons, as creditors of the creditor, may also proceed here by bill against both the creditor and debtor, seize the cause of action as a part of the creditor's assets, and have it collected by a receiver. These complications furnish no reason for granting an injunction at the debtor's instance, though he allege that he is not indebted but has a good defense.

Injunction. Debtor and Creditor. Before Judge HILL. Bibb County. At Chambers. February 13th, 1877.

Adams & Bazemore *et al.*, filed their bill against the Planters' Banking Company, alleging that they were creditors of said defendant; that defendant was insolvent, had ceased to transact business, was wasting its assets, preferring creditors, and creating liens on its property to the exclusion of complainants; that certain stockholders had not paid up in full their subscriptions, but had given notes for the same. They prayed that such stockholders might be made parties defendant, etc.; also, that an injunction issue restraining the Planters' Banking Company from the sale, collection or other disposition of its assets; that a receiver be appointed to take charge of such assets; that the stockholders in said defendant, who have not paid up in full, be required to settle the balance due on their subscriptions, etc.

Lightfoot was made a party defendant as a stockholder who

had not paid up in full.   His answer, in the nature of a cross-bill, presented, in brief, the following facts :   In March, 1876, the Planters' Banking Company commenced suit against him by attachment for the balance claimed to be due on his stock subscription in the state of Missouri, and had the same levied upon a large and valuable tract of land owned by defendant. This action is still pending.  In April, 1876, the same plaintiff instituted suit against defendant on the same cause of action, in the superior court of Bibb county.  Having been made a party defendant to this bill, there are three suits for the same cause of action now pending against him.  He has already been compelled to pay out large sums of money in the preparation of the defense of the two suits aforesaid, and it is grossly unjust and inequitable that he should be thus harrassed, and put to such great and unnecessary expense. The suit in Missouri, and that brought in Bibb, are both ready for trial, and a judgment may be taken in either case at any time, and a levy made.   Unless such actions are enjoined, defendant may be placed in the position of having three judgments against him for the same cause of action at the same time.   Prays the writ of injunction accordingly.

Defendant does not admit that he owes any amount to the Planters' Banking Company, but prays that he be allowed to file his pleas in this court, and that he be allowed the same matters of defense against the complainants as he now has against said Planters' Banking Company.

The injunction was denied, and defendant excepted.

BACON & RUTHERFORD, for plaintiff in error.

LYON & NISBET, for defendants in error.

BLECKLEY, Judge.

A creditor may proceed, at the same time, on the same cause of action, with a suit against his debtor here, and an attachment against his debtor's property in another state. 3 *Kelly*, 215.   Nor will either proceeding be enjoined, at

the instance of the debtor, because persons who claim to be creditors of the creditor have now a bill pending in chancery against the creditor, to which the debtor has been made a party, though the object of the bill be to seize all the assets of the creditor and have them collected in, and a receiver has been appointed to that end, and though the debtor, in his application for injunction, allege that he is really not indebted but has a good defense. If the actions at law proceed, they will be prosecuted by the receiver, or for his benefit. He has title to the cause of action, or sole authority to collect.

Judgment affirmed.