123  643
f125  249

123  643
f127  124

## SIMS *v.* GEORGIA RAILWAY AND ELECTRIC CO.

After a trial judge has formally overruled a demurrer to a petition, holding that upon the facts stated in the petition the defendant is liable in damages to the plaintiff, it is not within the power of the judge, at a subsequent term of the court, to review or revise such ruling; and if no exception thereto be taken by the defendant, but it stands unreversed when the case is ripe for a trial on the merits, the trial judge should not, in his charge to the jury, give to the defendant the benefit of the defense set up in the demurrer, since the questions thereby raised are res adjudicata, and the court can not by indirection deprive the plaintiff of the estoppel he is entitled to urge as against the defendant.

Argued June 26, — Decided August 2, 1905.

Action for damages.    Before Judge Reid.    City court of Atlanta.    November 5, 1904.

This was a suit for damages, brought by E. F. Sims against the Georgia Railway and Electric Company upon the following state of facts:  Plaintiff boarded one of the cars of the company at the corner of Broad and Marietta streets in the city of Atlanta, with a view to going to a point on the south side of the city.  He gave to the conductor a quarter of a dollar in money of the United States, which was all the change he had with him, and the conductor returned to him two five-cent pieces and one ten-cent piece.  The ten cent-piece was, as the plaintiff subsequently discovered, a Canadian coin.  He left the car, when he arrived at his destination, and later in the afternoon of the same day boarded another car for the purpose of returning to the center of the city.  When the conductor in charge of this car came to him to collect fare, he gave the conductor this Canadian coin, having spent his other change.  The conductor took it from him, and then in a most abrupt, offensive, and boisterous manner, and in a loud tone of voice, told plaintiff the money was counterfeit, and accused him of trying to pass it off as good money.  Plaintiff tried in vain to explain that it was not counterfeit, but simply a Canadian coin, and that another of the company's conductors had given it to him the same afternoon; that it was all the change he possessed, and if it was not good, he would make it good.  Plaintiff also told the conductor what was his business address.  The conductor refused to accept this explanation, and while he did not put plain-

tiff off the car or threaten to do so, he still demanded other money and kept quarreling about the matter until the car arrived at the corner of Whitehall and Alabama street, at which point the car stopped and plaintiff endeavored to alight. The conductor stopped him in a most abrupt manner, placed him under arrest, and turned him over to a policeman, much to his inconvenience, embarrassment, and humiliation, as there were ladies and gentlemen on the car whose attention and curiosity were aroused by the conductor's abusive treatment of him, and at the time the conductor arrested him and turned him over to the policeman quite a crowd was present and observed what occurred. The suit was returnable to the March term, 1903, of the city court of Atlanta, at which term the presiding judge passed on and overruled a demurrer to the petition which had been filed by the defendant company. No exception was taken to the judgment overruling its demurrer. On October 10, 1904, during a subsequent term of the court, the case was tried on its merits, and resulted in a verdict in favor of the company. The plaintiff made a motion for a new trial, but the court declined to set the verdict aside, and he excepted.

*Alonzo Field* and *A. M. Brand,* for plaintiff.  *Rosser & Brandon, W. T. Colquitt,* and *B. J. Conyers,* for defendant.

EVANS, J. (After stating the facts.) The objections to the plaintiff's petition raised by the defendant company's demurrer were, (1) that it was immaterial whether one of its conductors had or had not given to him the Canadian coin which he tendered to the conductor of the car which he boarded for the purpose of returning to the center of the city; (2) that the facts recited were not such as to render the company liable to the plaintiff as a passenger for the abusive treatment of its conductor in charging him with endeavoring to pass a counterfeit coin; and (3) that the company could not be held legally responsible for the act of the conductor in placing the plaintiff under arrest, the petition not alleging that the "defendant company authorized said arrest or had any part in having the same made." The right of the plaintiff to recover upon proof of the allegations made in his petition was adjudicated favorably to him by the judgment overruling the demurrer. "Until duly set aside, that decision is conclusive, and the question thereby settled is to be regarded as res adjudicata."

*Hollis* v. *Nelms,* 115 *Ga.* 7. In this judgment the defendant company acquiesced, neither filing exceptions pendente lite nor bringing it under review by a direct bill of exceptions to this court. On the trial of the case, therefore, the only question for determination was the amount of the damages suffered by the plaintiff, in the event he sustained by proof the allegations of fact on which he based his right of recovery. *Richmond Hosiery Mills* v. *W. U. Tel. Co.,* 123 *Ga.* 216. The defendant company was precluded from calling into question the right of the plaintiff to recover upon such proof being made. *Ga. Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504. As was remarked by Mr. Justice Cobb in *Kelly* v. *Strouse,* 116 *Ga.* 891–892, " If the defendant calls in question the sufficiency of the petition by demurrer, as he has a right to do, and the court renders an erroneous decision holding that the petition sets forth a cause of action, when in truth it does not, and the defendant acquiesces in this decision, of course no one will contend that, after the time allowed by law has expired for bringing under review this erroneous decision, the defendant can be heard to say that the petition sets forth no cause of action." When a case is in limine, the trial judge may of his own motion interpose to prevent a miscarriage of justice, provided " there is no estoppel of which either party may take advantage." Ibid. 874. But it is not within the power of the trial judge to give to either party the benefit of a contention which he is himself estopped to urge. Thus, in *McCandless* v. *Conley,* 115 *Ga.* 48, it was held that " Where an amendment to pleadings has been, in term, duly allowed, it is not, after the term has expired, within the power of the court to revoke the order of allowance and strike the amendment on the ground that it was in the first instance erroneously allowed." During the term of the court at which a judgment is rendered, it is within the breast of the presiding judge and may be vacated upon proper cause shown; but after the term has expired, the judgment " is upon the roll" and is not subject to review or revision by the trial court. 1 Black, Judg. § 157.

Applying to the present case the well-settled principles of law above stated, we are of the opinion that the court erred in not granting the plaintiff a new trial. The plaintiff presented a written request to charge to the effect that if one of the company's

conductors gave to the plaintiff the Canadian coin which he tendered as fare, the conductor to whom it was offered was bound to accept it as legal tender. The judge declined to charge as requested; and instructed the jury that if the plaintiff did not enter the incoming car of the defendant company prepared to pay his fare in lawful currency of the United States, he would not occupy the position of a passenger. The jury were further instructed, in effect, that the company could not be held liable in damages for the act of its conductor in placing the plaintiff under arrest, unless the conductor was acting within the scope of the authority expressly conferred upon him by the company and it was contemplated by his master that he should make such an arrest. The court declined to give a charge requested in writing by the plaintiff's counsel, in which the proposition was stated that if the conductor took hold of the plaintiff and turned him over to a policeman while engaged in the performance of the company's business and in the line of his duty, because of the non-payment of fare and because he refused to accept the Canadian coin as fare, then the company would be responsible for the conduct of its conductor. The requests to charge were in accord with the theory of liability upon which the plaintiff's petition was framed; the instructions which the court gave to the jury practically precluded the plaintiff from a recovery under the evidence submitted. Irrespective of whether or not the plaintiff's petition set forth a cause of action, he was, as the court had adjudged in passing on the company's demurrer, entitled to damages upon making proof of the allegations of fact upon which he relied for a recovery. It was not within the power of the trial judge to review his ruling upon the demurrer, or, by indirection, give the company the benefit of a defense which it had thereby urged, since it had acquiesced in the decision of the court that there was no merit in any of the objections to the petition which the company urged by way of demurrer. The court did not err in refusing to allow the plaintiff to prove the value of the Canadian coin which he tendered as fare. Its value, if any it had, was immaterial, even upon his theory of the case, as he took the position that the company was responsible for his having no other money with which to pay his fare, and therefore could not set up the defense that he was not prepared to pay his fare in lawful

currency of the United States. As to the right of the plaintiff to recover, irrespective of the judgment rendered on the demurrer to his petition, we express no opinion. The important fact is that this question is res adjudicata, as the plaintiff insisted in his motion for a new trial.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*