## DuBIGNON *v.* FINCH.

Where, in a complaint for land by an administrator, the defendants admit in
their plea that the legal title was in the plaintiff's intestate at the time of
her death, but aver that they are in possession under a contract of purchase
from her, with the greater part of the purchase-money paid, and make a
tender of the balance and pray specific performance of the contract, a mo-
tion for a nonsuit should not be granted after evidence has been introduced
by the plaintiff which shows that he has been duly appointed administrator
of the decedent.

Argued June 21, — Decided August 21, 1905.

Complaint for land.   Before Judge Seabrook.   Glynn superior
court.   December 7, 1904.

*R. D. Meader*, for plaintiff.   *Ernest Dart*, for defendants.

EVANS, J.  The plaintiff was nonsuited in the court below, and
in his bill of exceptions complains of the judgment of nonsuit.
The action was brought in the name of H. F. duBignon, as the
administrator on the estate of Hannah Coburn, against John and
Rebecca Finch, to recover a leasehold interest in a certain city
lot described in the petition.   The plaintiff alleged, that his intes-
tate died in the fall of the year 1901, and was the owner, at the
time of her death, of an estate for years in the premises, which
had not expired; that the defendants were in possession of the
premises, claiming that they had purchased the same from plain-
tiff's intestate during her life; and that it was necessary to re-
cover the premises for the purpose of paying the debts of the
estate and making distribution among the heirs of his intestate.
The seventh paragraph of the petition was as follows:   "Plaintiff
shows that both he and the said defendants claim title, as before
shown, to said land under the same common grantor, viz.:   Han-
nah Coburn."   The defendants filed an answer in which they

denied the right of the plaintiff to recover, and by way of amend-
ment set up the special defense that, in the year 1888, they
bought the premises in dispute from Hannah Coburn for the sum
of $230, of which sum $190 had been paid.   They made tender
to the plaintiff of the remainder of the purchase-money; and
prayed specific performance of the contract of purchase, and that
the administrator be decreed to make them a deed to the interest
of his intestate in the premises, upon payment of the balance of
the purchase-money.   On the trial of the case the plaintiff intro-
duced in evidence his letters of administration and an order of
court granting his application for leave to sell the land described
in the petition.   A witness testified that he built the house on
the lot which was in the possession of the defendants, for Hannah
Coburn; that he had been told by John Finch, one of the de-
fendants, that they rented the house from Hannah Coburn, and
Denison Armstrong was collecting the rent for her, but they
" couldn't get along," and he (Finch) wanted witness to take
charge of collecting the rent.   The witness further testified that
Hannah Coburn died in 1901, and Denison Armstrong a year or
so later.   The plaintiff testified as to the rental value of the
premises, and offered in evidence a deed from Sarah Price to his
intestate, dated September 15, 1890, covering the premises in
dispute, and reciting that Hannah Coburn had previously pur-
chased the property from the grantor and had paid the purchase-
money in installments, the last payment being made on April 24,
1880, and that no deed had been made, though Hannah Coburn
had gone into possession of the premises in the early part of 1880
and had remained in possession since, and had made improve-
ments thereon.   The plaintiff also introduced in evidence divers
receipts, signed by Denison Armstrong, each acknowledging the
payment of five dollars by Finch, and covering a period from
1887 to 1900.

We think this evidence, considered in the light of the plead-
ings, was sufficient to withstand the motion for a nonsuit.   The
defendants admitted in their plea that the plaintiff's intestate had
the legal title to the premises at the time of her death.   Upon
proof of the issuing of letters of administration to the plaintiff
and the granting of the order of court providing for the sale of
the property, a prima facie case was made out showing his right

to the possession of the premises, and the burden was cast upon the defendants to prove their special defense.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*