### 4608. GRANTHAM *v.* FLEMING.

1. The evidence authorized the verdict.
2. The defendant, by a demurrer, brought in question the right of the plaintiff to recover, and raised the point that he was not entitled to recover because it did not appear that he was a legally licensed physician, and therefore was not entitled to collect pay for any services. No exception was filed to the judgment overruling the demurrer, and it therefore became the law of the case, binding alike upon the parties and the court.
3. The defendant "went to trial facing a species of compound estoppel," and relieved the plaintiff of the necessity of proving his right to practice medicine and to collect for professional services rendered; and therefore the court did not err in instructing the jury to the effect that if the plaintiff rendered the alleged services as a physician to the defendant, and the defendant accepted these services, and the jury found

them to have been of any value, the plaintiff was entitled to recover such an amount as the services might be shown to be worth; especially as there was no evidence tending to show that the plaintiff was not a legally licensed physician.

DECIDED·AUGUST 15, 1913.

Appeal; from Wayne superior court—Judge Conyers. November 30, 1912.

*James W. Poppell, Oscar Nail,* for plaintiff in error.
*Thomas & Gibbs,* contra.

RUSSELL, J. In the county court of Wayne county Fleming sued Grantham on an open account for services as a physician in attending the defendant for a fractured hip; and, on appeal, the case was tried in the superior court. Originally the account contained items for medicine and for the services of another physician, but these were stricken. Except as to these items a demurrer, on both general and special grounds, was overruled, and the case went to trial upon that part of the account which covered the personal services of the plaintiff. The defendant set up, by way of recoupment, that the plaintiff failed to exercise a reasonable degree of care and skill in treating him as a physician, and that by reason of the plaintiff's negligence, mistreatment, and malpractice, his leg was misset, and he was damaged in the sum of $500. The jury found against the plea of recoupment, and in favor of the plaintiff for the full amount claimed for his services. The defendant's motion for a new trial was overruled, and he brought the case to this court on exceptions to the judgment refusing a new trial.

1. So far as the general grounds of the motion for a new trial are concerned, it is sufficient to say that while there was evidence in behalf of the defendant which would have authorized the jury to return a verdict in his favor, the testimony for the plaintiff amply supports the verdict rendered.

2-3. The defendant sought to make the point that the plaintiff was not entitled to recover, for the reason that it was not shown that the plaintiff was lawfully authorized to practice medicine or surgery. In one of the special grounds of the motion for a new trial it is complained that the court erred in refusing the defendant's request for an instruction to the jury to the effect that in order to recover for services as a physician, it must be shown that the plaintiff was a legally licensed physician and had registered as prescribed by law. It is, of course, well settled that a physician

who has failed to register in compliance with the provisions of sections 1684 and 1685 of the Civil Code (1910) is not entitled to recover for professional services. *Murray* v. *Williams,* 121 *Ga.* 63 (48 S. E. 686). In the statement of account attached to the plaintiff's petition, the indebtedness claimed was "for medical attention from January 15 to February 12, 1909, fractured hip, $100." The petition was silent as to whether he was a legally licensed and registered physician. The defendant demurred to the petition generally, and also on the specific ground that it was not alleged that the plaintiff was a licensed physician and authorized to practice medicine. The demurrer was overruled, and no exception was taken to the judgment on the demurrer. It matters not, therefore, whether the ruling on the demurrer was right or wrong; it became the law of the case, and is conclusive upon the parties thereto. The judgment on a demurrer, as long as it stands unreversed, is conclusive as to all questions necessarily involved in the decision. *Georgia Northern Railway Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659). The demurrer not only raised the question as to the sufficiency of the plaintiff's allegations to authorize a recovery, but it specifically raised the point that he was not entitled to recover because it did not appear that he was authorized to practice medicine or to collect for professional services rendered as a physician. In passing upon the demurrer the court was compelled to decide that it was not necessary for the plaintiff to show affirmatively that he was legally authorized to practice medicine.

We think the lower court erred in the ruling upon the demurrer, but, as there was no exception to the ruling, it became the law of the case and controlled every phase of the trial where a contact with the legal principle announced was effected. This case differs from that of *Horsley* v. *Woodley,* 12 *Ga. App.* 456 (78 S. E. 260), in two respects: (1) in that case there was no demurrer to the petition upon the ground that there was a failure to allege one of the essential prerequisites necessary to entitle the plaintiff to recover; and (2) in the present case it does not appear (as it did affirmatively appear in that case) that the plaintiff was in fact not entitled to recover because a recovery would be illegal. No evidence was adduced in this case tending to show that the plaintiff had not registered in the county of his residence (*Jones* v. *State,* 8 *Ga. App.* 412, 69 S. E. 315), or that he was otherwise not qualified to practice medicine.

By not excepting to the ruling on the demurrer, the defendant, to use the language of Justice Lumpkin, in *Richmond Hosiery Mills* v. *Western Union Telegraph Company*, 123 *Ga.* 221 (51 S. E. 293), "went to trial facing a species of compound estoppel." He was concluded by the judgment on the demurrer as to the right of the physician to collect his fee, in the absence of evidence showing affirmatively that the plaintiff was not a duly licensed and registered physician. The court therefore did not err in charging the jury that the plaintiff would be entitled to recover, if the jury believed he rendered the services alleged, whatever amount the evidence might establish those services to be worth. *Cross* v. *Coffin-Fletcher Co.*, 123 *Ga.* 820 (51 S. E. 704); *Moss* v. *Chappell*, 126 *Ga.* 200 (54 S. E. 968, 11 L. R. A. (N. S.) 398).

The court did not err in refusing the request for instructions to the effect that the plaintiff could not recover unless it appeared from the evidence that he was a physician authorized by law to practice medicine; for the reason that "it is not within the power of the trial judge to give to either party the benefit of a contention which he himself is estopped to urge." *Sims* v. *Ga. Ry. & El. Co.*, 123 *Ga.* 645 (51 S. E. 574). That the defendant, by his failure to except to the ruling upon the demurrer, was estopped to deny the plaintiff's right to practice medicine, and his right to collect fees therefor, see, also, *Moody* v. *Cleveland Woolen Mills*, 133 *Ga.* 746 (66 S. E. 908); *Myers* v. *Griner*, 120 *Ga.* 725 (48 S. E. 113); *McElmurray* v. *Blodgett*, 120 *Ga.* 15 (47 S. E. 531).

It is insisted in the motion for a new trial that the court erroneously stated the contention of the defendant, and virtually instructed the jury that "the plaintiff is entitled to recover." The instruction to which exception is taken is as follows: "In considering the case, gentlemen, if you find, by a preponderance of evidence, that the plaintiff, with the defendant's permission, treated him as a practicing physician (all of which facts are denied by the defendant); if you find this is established, and nothing more, then the plaintiff will be entitled to recover whatever he has shown to be a proper amount for that service." We fail to see wherein the defendant was injured by this charge. It is true that the court incorrectly stated that the defendant denied that the plaintiff treated him with his permission; for it appears from the answer of the defendant that the services, which the defendant avers were

unskilful, were rendered with his permission. However, it could not have harmed the defendant for the jury to be told that the defendant denied giving permission; for coupled with this immaterial matter was the greater proposition, strenuously contended for by the defendant, that the defendant denied that the plaintiff treated him as a practicing physician. There is no merit in the contention that the court erred in the instruction upon the ground that he virtually instructed the jury that the plaintiff was entitled to recover; because, for the reason already stated, the defendant was precluded from denying that the plaintiff was a practicing physician. He admitted, in his answer, that he permitted the plaintiff to serve him, and the judge very properly stated to the jury the well-settled rule that one who knowingly accepts services of value is liable, upon a quantum meruit, to the person rendering them.

The learned trial judge, no doubt, based his ruling upon the demurrer on the decision of the Supreme Court in *Durand* v. *Grimes,* 18 *Ga.* 693, which, like the present case, was an action upon an account for services rendered by a physician, and in which it was held that "It is too late, after the defendant has pleaded to the merits of the action, and the cause has been submitted upon the appeal, for the defendant to demur to the declaration upon the ground that the plaintiff, who sues as a physician, has not alleged in his writ that he was licensed to practice medicine." The case now before us originated in the county court, and the demurrer was not filed until after the appeal to the superior court. However, no matter what reasons influenced the trial judge in his ruling upon the demurrer, there was no exception to that ruling, and it was not necessary for the plaintiff to prove that he was a legally licensed physician, and the defendant was estopped from contesting what might otherwise have been a material point in the issue. The ruling of the court upon the demurrer became the law of the case, and it was not within the power of the court to change it. Under the decision in *Georgia Northern Ry. Co.* v. *Hutchins,* supra, the court was bound to adhere to this ruling throughout the subsequent conduct of the case, regardless of the consequences.

*Judgment affirmed.*