11136.   REDDICK *v.* STRICKLAND.

SMITH, J.   1. "Exceptions pendente lite cannot be considered unless error is assigned thereon either in the main bill of exceptions or in the reviewing court by counsel for plaintiff in error before argument begins." *Jones* v. *State,* 21 *Ga. App.* 22 (1) (93 S. E. 514). See also *Kent* v. *State,* 18 *Ga. App.* 30 (88 S. E. 913); *Shaw* v. *Jones,* 133 *Ga.* 446 (66 S. E. 240); *Nicholls* v. *Popwell,* 80 Ga. 604 (9) (6 S. E. 21). The bill of exceptions in this case recites that exceptions pendente lite were duly taken to the overruling of a special demurrer and to the over-

ruling of a motion to strike an amendment to the petition, but no assignment of error thereon is made either in the bill of exceptions or in this court, and the judgment overruling the demurrer and the motion to strike cannot be considered.

2. Where exceptions pendente lite are taken and error is not assigned thereon in the bill of exceptions, and the exceptions pendente lite are brought up in the record, counsel should, before argument begins in this court, assign error thereon. If counsel waits to do so until after the original argument and while the case is pending on motion to rehear, it is too late. *Nicholls* v. *Popwell*, supra; *Stover* v. *Adams*, 114 *Ga.* 171 (1) (39 S. E. 864).

3. Where the defendant, by demurrer and motion to strike, brought in question the sufficiency of the description of the currency sought to be recovered, and in the bill of exceptions no assignment of error was made as to the judgment overruling the demurrer and motion, that decision became the law of the case, binding alike upon the parties and the court. See *Grantham* v. *Fleming*, 13 *Ga. App.* 184 (2) (78 S. E. 1113); *Hawkins* v. *Studdard*, 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. Rep. 190); *Cooper* v. *Chamblee*, 114 *Ga.* 116 (39 S. E. 917).

4. The exceptions to the charge of the court on the subject of fraud are without merit. The court, after reading to the jury the code definitions of actual, constructive, and legal fraud (Civil Code of 1910, §§ 4622, 4623), instructed them that "in this case there must be the misrepresentation of a material fact, made wilfully to deceive, recklessly without knowledge, and acted on by the opposite party, in order for that to be applicable."

5. There being evidence to support the allegations as made in the petition, the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 5, 1920.

Complaint; from city court of Cairo — Judge Rigsby.  November 24, 1919.

*Ledford & Christopher*, for plaintiff in error.   *S. P. Cain*, contra.