PRESCOTT, administrator, *v.* ELLIS *et al.*

*N. J. Smith, Roy V. Harris,* and *J. B. & T. R. Burnside,* for plaintiff in error.

*M. C. Barwick,* contra.

HUTCHESON, J. Nanie Ellis, C. W. Brinson, Taylor B. Wren, W. J. Wren, and Mrs. Reba Huckabee brought suit against Mrs. Fannie Prescott, alleging that they with Mrs. Fannie Prescott are sole heirs at law of Lena Ellis, Sarah Ellis, and Mattie Ellis, three sisters; that the three persons last named during their lifetime were joint owners of 150.25 acres of land described in the petition, and that Lena Ellis died first, Sarah Ellis died second, and Mattie Ellis died last. The prayer was that partition of said land be ordered by the court. Answer was duly filed by Mrs. Prescott, in which she alleged that the three sisters entered into a written agreement conveying title to the one of them who should live longest, such instrument being as follows:

"Wrens, Ga., October 21, 1907. This endenture or agreement made and entered into this the 21st day of October, 1907, witnesseth the following: We, Sarah E. Ellis, Martha A. Ellis, and Lena A. Ellis, having this day received a deed from our two sisters, Mrs. Fannie E. Prescott and Mrs. M. R. Brinson, all of the State of Georgia, Jefferson County, to one hundred fifty and one quarter (150-1/4) acres of land, said land being that part of father's, Nathan Ellis Sr., estate which comes to us by inheritance from said estate, same being fully described in said deed. Having received our three shares together and undivided, we desire to agree with each other and we do hereby agree with each other that we will own this property jointly during our natural lives. We desire to further continue this agreement beyond our natural lives, and we wish this portion of the agreement to take the form of our last will and testament. We each agree with each other that when death has called either of us away, the two surviving shall inherit the entire interest of the one deceased; and that when death has called the second of us away, the surviving one shall inherit the entire interest in said one hundred fifty and one quarter acres of land. We each of us have read or heard read in our presence this agreement, and we fully understand the contents of said agreement.

"Martha A. Ellis, L. S. Sarah E. Ellis, L. S. Lena A. Ellis, L. S.

"Signed, sealed, and delivered in the presence of W. J. Wren, F. M. Kilpatrick, N. P. J. C."

Defendant alleged further that Lena Ellis died in December, 1923, Sarah Ellis died in July, 1926, and in March, 1929, Mattie Ellis made to defendant a deed to the land described, and she is the holder of the fee-simple title, that the three sisters were of advanced age, and they moved into defendant's home and made a parol agreement that if defendant would provide for them a home, clothing, food, medicines, and the necessaries of life, they would leave to her the land in question, and that it was because of this agreement that Mattie Ellis made to her the deed to the land. Pending the suit Mrs. Fannie Prescott died, and W. L. Prescott, her administrator, was made a party defendant. A demurrer to the answer was sustained in part, the court striking from the answer the allegations as to the written instrument entered into by the three sisters. No exception was taken to this ruling. On the trial defendant tendered this instrument in evidence, and its admission was refused by the court. A verdict was rendered in favor of the plaintiffs. A motion for new trial was overruled, and the defendant excepted.

1. It is a well-settled principle of law that where a demurrer is interposed to a pleading, or any part thereof, and such demurrer is sustained, that ruling, if not excepted to, becomes the law of the case. *Sims* v. *Georgia Railway & Electric Co.*, 123 *Ga.* 643 (51 S. E. 573); *White* v. *Little*, 139 *Ga.* 522 (3) (77 S. E. 646).

The written instrument quoted above was referred to and set up in paragraph 2 of the defendant's answer. A demurrer was interposed on the ground that the instrument was testamentary in character and not properly witnessed, and the court sustained the demurrer as to that particular paragraph. This ruling was not excepted to, and became the law of the case. We will not discuss the question here as to whether or not the instrument was a deed, or a will, or a contract, or whether it was in fact a mere nullity; as, irrespective of its character, it was ruled out on demurrer, and therefore was inadmissible in evidence.

The verdict was supported by evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Russell; C. J., absent because of illness.*