23362. ROLES *v.* EDWARDS.

SUTTON, J. 1. A judgment on demurrer until reversed concludes the parties upon all questions necessarily involved in the decision of the points raised in the demurrer. *Gibson* v. *Mason*, 31 *Ga. App.* 584 (2) (121 S. E. 584). A judgment overruling a general demurrer to a petition, unless excepted to and reversed, is an adjudication that the petition sets forth a cause of action. *Turner* v. *Willingham*, 148 *Ga.* 274 (2) (96

S. E. 565). It matters not, therefore, whether the ruling on the demurrer was right or wrong; it became the law of the case and is conclusive upon the parties thereto. By not excepting to the ruling on the demurrer, the defendant went to trial faced with an estoppel. *Richmond Hosiery Mills* v. *Western Union Tel. Co.*, 123 *Ga.* 216, 221 (51 S. E. 290) ; *Grantham* v. *Fleming*, 13 *Ga. App.* 184, 186 (78 S. E. 1113).

2. The contract attached to the petition, and for a breach of which the action was brought, was a part of the petition. *Augusta & Savannah R. Co.* v. *Lark*, 97 *Ga.* 800 (25 S. E. 175). The ruling on the general demurrer, that the petition set forth a cause of action, not being excepted to, became the law of the case, that the petition and contract set forth a cause of action against the defendant. The court therefore did not err in admitting the contract in evidence, over the objection of the defendant that the description therein of the loan to be assumed was insufficient and indefinite and did not comply with the statute of frauds; nor were the verdict and judgment contrary to law and unsupported by evidence because the contract was void and unenforceable by reason of the uncertainty and indefiniteness of the description therein of the loan to be assumed. *Quarterman* v. *Godwin*, 34 *Ga. App.* 201 (2).

3. It follows that the court did not err in overruling defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided September 19, 1934.

*William S. Shelfer,* for plaintiff in error.

*Douglas M. Orr, Jones, Fuller, Russell & Clapp, J. D. McLamb,* contra.