25030.   HAYES *v.* INTERNATIONAL HARVESTER COMPANY.

*W. E. & W. G. Mann,* for plaintiff in error.

*Y. A. Henderson,* contra.

SUTTON, J. 1. Where the transferee and holder of title-retention notes given for the purchase-money of machinery files a suit on the notes, the purchaser can not set up in bar or in abatement that the plaintiff has previously in the same court instituted against the defendant a purchase-money attachment, and a levy has been made on the machinery for the purchase of which the notes were given, and in which proceeding a judgment in rem had been rendered. In such circumstances, in the event judgment is rendered in the plaintiff's favor, the court should so mold its judgment as to take care of the judgment in the attachment case and any sale of the property attached, in order that the defendant may receive proper credit for any sums realized from a sale of the property by virtue of the attachment proceedings. Code of 1933, §§ 3-601, 3-605, 3-104, 110-503; *Johnson* v. *Roberts &c. Shoe Co.,* 15 *Ga. App.* 561 (83 S. E. 969); *Lightfoot* v. *Planters Banking Co.,* 58 *Ga.* 136; *Heath* v. *Bates,* 70 *Ga.* 633; *Kinney* v. *Avery,* 14 *Ga. App.* 180 (80 S. E. 663). For the former judgment to be a bar, the merits of the case must have been adjudicated. Code, § 110-503. An attachment against the property of the debtor is not a proceeding involving the merits of the controversy. *Kolb* v. *Cheney,* 63 *Ga.* 688. This does not conflict with the rule that "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement" (Code, §.3-607), or the rule that "No suitor is entitled to prosecute two actions in the courts of this State at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of .the former is a good defense to the latter, if commenced at different times" (§ 3-601). Section 3-605, that "The rule requiring plaintiff to elect

shall not apply to a prior attachment against property where the defendant shall be subsequently served personally, nor to an attachment sued out pendente lite; but the judgment in the case against the person shall set out the fact of its identity with the proceedings against the property," must be considered in connection with the above; and so doing, attachments are excepted, and a plea in bar or abatement alleging a prior attachment or judgment therein is not good.

2. This was a suit on four notes, two of which provided that if the principal or interest be not paid when due, all the notes should become due and payable at the option of the holder. The first note not having been paid when due, the holder exercised the option, declared all the notes due, and filed suit. The only defense was a plea in abatement. When this was stricken the case was in default, and the plaintiff was entitled to take a verdict as if each allegation of the petition had been proved. This suit, in so far as two of the notes were concerned, was a suit on conditional contracts in writing; yet the direction of a verdict for the plaintiff was not erroneous as violative of the constitutional provision that "The court shall render judgment without the verdict of a jury in all civil cases founded on unconditional contracts in writing, where an issuable defense is not filed under oath, or affirmation." See Code of 1933, §§ 2-3207, 24-3335, 110-406. This case falls within section 110-403, providing that where the case is in default, no defense being interposed, the plaintiff may take a verdict, and "In all cases, except actions for unliquidated damages and suits on unconditional contracts in writing, the plaintiff shall be permitted to take a verdict as if every item and paragraph of the petition were supported by proper evidence." See also § 81-103; *Norman* v. *Great Western &c. Co.,* 121 *Ga.* 813 (4) (49 S. E. 782); *Mitchell* v. *Allen,* 110 *Ga.* 282 (34 S. E. 851); *Pape* v. *Woolford Realty Co.,* 35 *Ga. App.* 284 (134 S. E. 174).

(*a*) Furthermore, where a suit on an unconditional contract in writing is in default, and a verdict is taken therein, and a judgment is signed by the judge thereon, such judgment is not void because a verdict was taken, but is valid. See *Koch* v. *Brockhan,* 111 *Ga.* 334 (36 S. E. 695).

(*b*) The court did not err in overruling defendant's motion in arrest and his motion to set aside the verdict and judgment as ren-

dered by a jury without the introduction of any evidence. *Pape* v. *Woolford Realty Co.*, supra.

3. The court did not err in overruling the motion for new trial based on the ground that the verdict and judgment were contrary to law in that they were rendered without the introduction of any evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*