BOARD OF EDUCATION OF APPLING COUNTY *et al. v.* HUNTER *et al.*

No. 13409. SEPTEMBER 25, 1940.

*Wade H. Watson,* for plaintiffs.

*H. J. Lawrence* and *R. D. Welch,* for defendants.

JENKINS, Justice. ■ Under the ruling in *Fleishel* v. *Hightower,* 62 *Ga.* 324, 328, where a town is empowered by its charter to use funds "for educational purposes," to "hold title to real estate for school purposes, and to use the schoolhouse erected thereon for educational purposes," the town authorities "may use the same in such manner as in their discretion will best promote the end in view—the education of the children—either by a free public school or by renting the said schoolhouse to private teachers, at their option." By analogy, where a deed to a county board of education conveyed land "for school purposes," with a provision that it shall be held "as long as said land and premises are used for educational purposes, and after that said land to return to [the grantor], his heirs and assigns," the mere fact that the board subsequently built a larger school on near-by land, and that during a school term in a county district it permitted one or more teachers of the school to live in the original schoolhouse on the land in question, would not suffice to show an abandonment of the property for "school" or "educational" purposes, so as to cause a reverter of the property to the grantor, his heirs, or assigns.

■ In this suit by the board of education to recover the land from alleged assigns of the grantor, after they had taken possession under an alleged abandonment and reverter, while the court correctly charged that "the board of education, under the terms of this deed and in the exercise of the rights granted thereunder, is not limited to the use of this land solely for the purpose of classroom work, but the term 'school purposes' or 'educational purposes' included any activity that is necessary in the proper maintenance and operation of a school under our present school system" in Georgia, it was error to qualify this charge by the further instruction that "under the terms of that deed the board of education has the right to operate a school upon these premises, and in doing so they have a right to operate and maintain any other activity that is proper and necessary in the operation of such school." This language is likely to have confused the jury, in rendering a verdict for the defendants, by understanding that it was necessary to "op-

erate a school upon these premises" before the board would be permitted to maintain there any other proper and necessary educational activity.

■ "Where a demurrer to pleading, or parts thereof, is sustained, such ruling, if unexcepted to, becomes the law of the case," and evidence eliminated by the ruling can not, over proper objection, be admitted at the trial. *Prescott* v: *Ellis,* 178 *Ga.* 822, 824 (174 S. E. 525). The court having sustained a special demurrer to an averment in the defendants' answer, that the then superintendent of schools, since deceased, notified one of the defendants that the school building had been condemned, and no more school would be taught in it, and "threw" the property back to this defendant and his wife, and there being no exception to this ruling, it was error to admit, over objection, testimony by this defendant and his son to the effect that the superintendent had orally and in a lost letter, the contents of which were thus proved, so stated to such defendant. It was likewise error, upon exception, to charge the jury with reference to such an alleged communication, the evidence relating thereto being the erroneously admitted testimony.

■ Under the answer and testimony for the defendants, they claimed the whole or part of the school property by virtue of the quoted reverter clause in the deed of the original grantor, and under the description in a subsequent deed from such grantor to the wife of one of the defendants. This deed to the wife, now deceased, describing the conveyed property as only extending "due north *to* the schoolhouse land," it was error to admit testimony by the defendant husband that "said deed *includes* the land in question," over the objection that the language of the deed controlled.

■ The refusal of a new trial being reversed on special grounds, the general grounds will not be considered.

*Judgment reversed. All the Justices concur.*