29996.   LITTLE *v.* YOW.

Decided April 8, 1943.

*J. C. Bowden,* for plaintiff in error.   *W. S. Northcutt,* contra.

Sutton, J.   This was a statutory proceeding by E. R. Yow against J. F. Little in the civil court of Fulton County to foreclose a retention-of-title contract (as a chattel mortgage) on a certain automobile.   The defendant filed what he denominated "his answer and defense," as follows: "1.   That the said described automobile does not belong to the plaintiff.   2.   Defendant is the owner of said automobile and is entitled to the possession thereof.   3.   The plaintiff has no right in law or otherwise to take trover action in an effort to take defendant's said automobile.   4.   Defendant demands and sues for two dollars for each day that said automobile remains out of his possession, and further says that because of his poverty he is unable to post bond to recover possession of said

automobile from custody of officers who have taken possession thereof by reason of the unlawful trover action caused to issue by the plaintiff. 5. Defendant says that plaintiff maliciously caused said trover action to issue and the same is a malicious use and abuse of legal process against him." The plaintiff made an oral motion to dismiss the answer on the ground that it failed to deny the indebtedness sued on or to set forth any defense to the foreclosure proceeding, and the court sustained the motion, dismissed the answer, and rendered judgment establishing the plaintiff's lien under the retention-of-title contract. Thereupon the defendant made an oral motion for a new trial, which was overruled. He then entered an appeal to the appellate division of the civil court of Fulton County in which he assigned error on the judgment dismissing his answer and the judgment foreclosing the plaintiff's lien as being contrary to law and contrary to the facts alleged in his answer. That appeal was entered within fifteen days from the date of the judgment therein complained of. No exception was made to the overruling of the motion for new trial. The appellate division affirmed the judgment of the trial judge, and the defendant excepted.

■ The motion to dismiss the bill of exceptions because the plaintiff in error did not except to the order overruling the motion for a new trial is denied. As above stated, when the court dismissed the defendant's answer and entered judgment in favor of the plaintiff the defendant made an oral motion for a new trial, which was at that time overruled. The defendant abandoned his motion for a new trial, but within the time allowed by law entered an appeal to the appellate division of the civil court of Fulton County and assigned error on the judgment dismissing his answer and on the judgment establishing the plaintiff's lien under the retention-of-title contract. None of the transactions in the civil court can be ground for a motion to dismiss the bill of exceptions in this court. In the bill of exceptions in this court there is an assignment of error on the final judgment of the appellate division of the civil court affirming the judgment of the trial judge in that court. See *McGee* v. *Knox,* 60 *Ga. App.* 72 (2 S. E. 2d, 808).

■ The Code, § 67-1601, provides that a bill of sale or contract retaining title to personal property to secure a debt may be foreclosed in the same manner as mortgages on personal property are foreclosed. Code § 67-701, provides how mortgages on personal

property shall be foreclosed. "When an execution shall issue upon the foreclosure of a mortgage on personal property, as hereinbefore directed, the mortgagor or his special agent may file his affidavit of illegality to such execution, in which affidavit he may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due." Code, § 67-801. It will be seen by an examination of the defendant's answer, which appears above, that no defense to the foreclosure proceeding is set up therein. In fact, it is not responsive to that proceeding, but refers to a trover proceeding. It nowhere denies that the amount claimed or any part thereof is due. Counsel for the plaintiff in error states in his brief that as the amount involved in this proceeding in the civil court of Fulton County is less than $300, the law governing foreclosure of chattel mortgages in justice courts is applicable. But even so, the answer filed fails to set up any defense, as Code § 67-903, dealing with defenses by a mortgagor to a foreclosure proceeding in a justice court, provides: "The mortgagor may avail himself of any defense he may have to such foreclosure, *in the same manner and upon the same conditions* as allowed by law in case of foreclosure of chattel mortgages in the superior courts." (Italics ours.)

■ The appellate division of the civil court of Fulton County did not err in affirming the judgment of the trial judge in dismissing the defendant's answer, and in entering judgment for the plaintiff in the foreclosure proceeding.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*