### 30451. LUNSFORD *v.* HOWE.

FELTON, J. 1. In an action to recover $50, allegedly loaned by the plaintiff to the defendant, where the defendant denied two of the four paragraphs of the petition, when the answer was stricken on demurrer, the case was in default, and the plaintiff was entitled to a directed verdict. *Pape* v. *Woolford Realty Co.*, 35 *Ga. App.* 284 (134 S. E. 174), and cit.; *Pierce* v. *Jones*, 36 *Ga. App.* 561 (137 S. E. 296); *Hayes* v. *International Harvester Co.*, 52 *Ga. App.* 328 (183 S. E. 197).

2. Where in such a case a verdict was directed for the plaintiff, it was error to grant a new trial, the verdict being demanded.

3. There being no valid exception to the striking of the answer on demurrer, the ruling became the law of the case, and the trial judge was without authority to grant a new trial, the striking of the answer not being in any event the subject-matter of such a motion. *Roles* v. *Edwards*, 49 *Ga. App.* 527 (176 S. E. 106); *Sims* v. *Ga. Ry. & Electric Co.*, 123 *Ga.* 643 (51 S. E. 573); *Little* v. *Yow*, 69 *Ga. App.* 335 (25 S. E. 2d, 232). On the question of what issues can be raised by a motion for a new trial and the authority of a judge to change a judgment based on a verdict, see *Frazier* v. *Beasley*, 59 *Ga. App.* 500 (1 S. E. 2d, 458); *Scarbrough* v. *Bell*, 193 *Ga.* 255 (17 S. E. 2d, 732).

4. Accordingly, it was not error for the superior court to sustain the certiorari on the ground that the trial court erred in granting a new trial. *Judgment affirmed. Sutton, P. J., and Parker, J., concur.*

DECIDED MAY 12, 1944.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.
*W. George Thomas,* contra.