30629. LIBERTY MUTUAL INSURANCE COMPANY *v.* MORGAN *et al.*

FELTON, J. Under the ruling of the Supreme Court in answer to a certified question in this case the State Board of Workmen's Compensation was without jurisdiction to review the award under the facts and circumstances of the case shown by the certified questions. *Liberty Mutual Insurance Company* v. *Morgan,* 199 *Ga.* (33 S. E. 2d, 336). The court did not err in affirming the action of the board dismissing the case for lack of jurisdiction.

> *Judgment affirmed. Sutton, P. J., and Parker, J., concur.*

> DECIDED APRIL 16, 1945.

*Anderson, Anderson & Walker,* for plaintiff in error.
*Turpin & Lane, Harris, Russell, Weaver & Land,* contra.

30798. CARTER *v.* MANSOR.

FELTON, J. 1. Where, in an action for purchase-money attachment based on an unconditional written contract, after admitting a prima facie case, the defendant introduced evidence and rested, and the plaintiff by motion in the nature of a general demurrer moved to strike the answer as setting forth no legal defense to the action, and the motion was sustained without valid exception, this ruling became the law of the case, and the trial court was without authority to grant a new trial on the ground that the ruling was erroneous, the striking of the answer not being in any event the subject-matter of a motion for a new trial. *Sims* v. *Georgia Ry. & Electric Co.,* 123 *Ga.* 643 (51 S. E. 573); *Little* v. *Yow,* 69 *Ga. App.* 335 (25 S. E. 2d, 232); *Roles* v. *Edwards,* 49 *Ga. App.* 527 (176 S. E. 106).

2. Upon the striking of the answer, the case was in default, and upon the direction of a verdict for the plaintiff, the trial court was without authority to grant a new trial, as the verdict was demanded. *Lunsford* v. *Howe,* 71 *Ga. App.* 106 (30 S. E. 2d, 207). Accordingly it was error to grant a new trial.

> *Judgment reversed. Sutton, P. J., and Parker, J., concur.*

> DECIDED APRIL 16, 1945.

*Wilson, Bennett, Pedrick & Bennett, Franklin & Eberhardt,* for plaintiff.
*West L. Cranford, C. J. Taylor,* for defendant.