35713.   CLOUD *v.* STEWART.

DECIDED JUNE 16, 1955.

*N. J. Smith,* for plaintiff in error.

*Marshall L. Fountain,* contra.

NICHOLS, J. ■ Special grounds 1 and 2 of the amended motion for new trial complain that the trial court erred in overruling the defendant's demurrers to the petition as amended, the principal insistence being that the allegations to the effect that the defendant told the plaintiff the television set would give satisfactory service and he would give him a one-year warranty with reference to service thereof constituted an attempt to change by contemporaneous oral agreement the written contract for the purchase of the television set.

The overruling of a demurrer is not a proper ground of a motion for new trial and cannot be considered. *Caylor* v. *Wheat,* 210 *Ga.* 429 (3) (80 S. E. 2d 688); *Green* v. *Villa Rica Motor ·Co.,* 37 *Ga. App.* 355 (1) (140 S. E. 427).

■ Special ground 3 complains that the trial court erred in admitting certain testimony of the plaintiff over the objection that the testimony was an attempt to change by parol testimony a valid written instrument; and special ground 4 complains that the trial court should have charged the rule that parol evidence can never change the terms of a valid written instrument.

The defendant's demurrers, on the ground that the allegations of the petition constituted an effort to change by contemporaneous oral agreement the written contract for the purchase of the television set, having been overruled by the trial court and no valid exception taken thereto, this ruling became the law of the case. *Roles* v. *Edwards,* 49 *Ga. App.* 527 (1) (176 S. E. 106); *Lunsford* v. *Howe,* 71 *Ga. App.* 106 (3) (30 S. E. 2d 207); *Carter* v. *Mansor,* 72 *Ga. App.* 376 (33 S. E. 2d 718).

"A plaintiff is entitled to prove everything he alleges in a petition upon which he is permitted to go to trial without objection on the part of the defendant." *Mayor &c. of Macon v. Melton,* 115 *Ga.* 153, 156 (41 S. E. 499); *Overstreet v. W. T. Rawleigh Co.,* 75 *Ga. App.* 483 (2) (43 S. E. 2d 774).

The testimony complained of was admissible to show the alleged breach of the implied contract, and in the absence of any valid objection to the aforesaid ruling on demurrer, there is no merit in the contention that the trial court erred in failing to charge the general rule, as set forth in Code § 38-501, that "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument."

Special ground 5 complains that the trial court erred in failing to give the jury the legal definition of the word warranty, or to instruct them as to the different kinds of warranties.

The trial court instructed the jury: "The plaintiff contends that when the defendant sold him the television set referred to in the petition, he warranted that it would be reasonably suitable for the purpose intended for a television set, and that the defendant agreed to service the same for one year. . . The defendant denies these contentions, contending that he made no such warranty or agreement, and that the television was reasonably suitable for the purpose for which a television set was intended and that the defendant did service same to the extent that he agreed to do so."

Special ground 6 complains that the charge as a whole was too short and incomplete to enable the jury to understand the issues of facts to be determined by them or the rules of law applicable thereto.

The charge of the trial court, when considered in its entirety, embraced the general principles of law applicable to the facts of the case; and the extracts upon which error is assigned in special grounds 5 and 6 were not erroneous for any reason set forth in the assignments of error. If any amplification of the general principles which the charge contained had been desired, they should have been made the subject of appropriate and timely written requests. *Tabor v. Macon Railway &c. Co.,* 129 *Ga.* 417 (59 S. E. 225); *Swinson v. Jones,* 74 *Ga. App.* 109 (4) (38 S. E. 2d 878).

■ The general grounds, not being argued in the defendant's brief or otherwise, are considered as abandoned.

No error of law appearing, the trial court did not err in denying the defendant's amended motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*