36204. MEADE *v.* WILLINGHAM FINANCE CO., INC.

DECIDED JUNE 20, 1956.

*Eugene M. Kerr*, for plaintiff in error.
*Claud R. Caldwell*, contra.

NICHOLS, J. On the trial of the case before a jury the defendant testified on cross-examination that the amount sued for was the amount due the plaintiff at the time the action was brought. This was the only evidence introduced by the plaintiff. The defendant then introduced evidence that the plaintiff, on the same day that the present suit was filed, filed foreclosure proceedings on the conditional-sale contract and that she turned the automobile over to the plaintiff on that same date, that the sheriff then levied on the automobile while the same was in the possession of the plaintiff, and that a public sale of the automobile was

later had. The record does not disclose that the defendant was given any credit for the amount received from the public sale of the automobile, nor does it show that the plaintiff's petition was amended after this sale so as to give the defendant any credit for the proceeds of this sale. The defendant is entitled to receive credit for any amount that the plaintiff received as a result of the levy. *Hayes* v. *International Harvester Co.*, 52 *Ga. App.* 328 (183 S. E. 197). Since the only evidence presented on the trial of the case as to the amount due at the time the action was brought was the testimony of the defendant, and since she was not given any credit for the amount received from the subsequent sale of the automobile under the levy, the trial judge erred in directing a verdict for the plaintiff in the full amount sued for.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*