### 40801.   FLOYD v. STEVENS-DAVENPORT
### FUNERAL HOME.

Jordan, Judge.   The plaintiff filed an action for damages against the defendant funeral home on April 4, 1963.   The defendant on May 10, 1963, filed its general and special demurrers to the petition, and on October 30, 1963, the trial court entered an order in which it sustained the general demurrer and grounds 3, 5, 6, 7, 8, 9 and 10 of the special demurrers and overruled the remaining grounds of special demurrer.   The plaintiff was given 30 days in which to amend her petition. Within the time allowed the plaintiff amended her petition at which time the defendant renewed its general demurrer to the petition and its special demurrers which had been previously overruled by the court and in addition thereto filed a number of new special demurrers to the amended petition.   Subsequently, on April 20, 1964, the trial court entered the

following order:. "The within demurrers to the petition as amended coming on to be heard at the time and place set for such hearing, and counsel for both parties having submitted authorities to the court and waived oral argument upon said demurrers, said demurrers are hereby sustained and said petition as amended is dismissed." The plaintiff in her bill of exceptions assigned error on this judgment on the sole ground that the court erred in sustaining the general demurrer to the petition and in dismissing the same. *Held:*

1. The record in this case does not disclose that the plaintiff filed any objection to the renewed and additional special demurrers of the defendant, either on the ground that such demurrers were identical to those previously overruled by the court or on the ground that the demurrers were not responsive to the amendment filed to the petition and were thus untimely (see *Central of Ga. R. Co. v. Waldo,* 6 Ga. App. 840, 65 SE 1098; *Equitable Mfg. Co. v. Hill-Atkinson Co.,* 17 Ga. App. 494, 87 SE 715) ; and the plaintiff in her bill of exceptions did not assign error on the sustaining of these special demurrers by the court in its order of April 20, 1964. The plaintiff thus waived any irregularity in the filing of the demurrers, *Mayo v. Owen,* 207 Ga. 641 (63 SE2d 649); and since there is no exception to the sustaining of the special demurrers, such action constitutes the law of the case. *Prescott v. Ellis,* 178 Ga. 822 (174 SE 525) ; *Board of Ed. of Appling County v. Hunter,* 190 Ga. 767 (10 SE2d 749); *Roles v. Edward,* 49 Ga. App. 527 (176 SE 106). The question for determination in this case, therefore, is whether or not the petition set forth a cause of action after the sustaining of the special demurrers. *Watson v. Atlanta Gas Light Co.,* 46 Ga. App. 326 (167 SE 718).

2. When viewed in the light of these principles of law, the petition clearly failed to set forth a cause of action. The plaintiff was seeking to recover damages for the mental suffering, grief, anguish and wounded feelings sustained by her as the result of the defendant's alleged "wilful and wanton" and gross negligence in disturbing the grave of her mother while preparing a grave for the burial of her father. The defendant, however, specially demurred to the allegations of the petition which described its conduct as wilful or wanton or grossly negligent on the grounds that such were conclusions of the pleader without sufficient facts pleaded to support them; and the sustaining of these demurrers constituted an adjudication

that the petition did not allege an intentional tort or the equivalent of the same. *Flint Explosive Co. v. Edwards,* 84 Ga. App. 376, 388 (66 SE2d 368). It is well settled that recovery of damages for mental pain and anguish and wounded feelings, unattended by damage to person or purse, must be predicated upon an intentional tort or the legal equivalent of the same and cannot be based upon mere negligence. *Pollard v. Phelps,* 56 Ga. App. 408 (193 SE 102). Accordingly, the petition having been stripped of the allegations necessary to support a recovery by the sustaining of the special demurrers which were not excepted to by the plaintiff, a cause of action was not set forth; and the sustaining of the general demurrer was not error.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 21, 1964.

*Thomas H. Antonion, Hiram J. Grogan, Leachman, King & Thurman, Marie Leachman,* for plaintiff in error.

*John W. Maddox,* contra.