## 65606. TRAILMOBILE, INC. v. BARTON ENVIRONMENTAL, INC.

SHULMAN, Chief Judge.

This action was instituted by appellee to recover compensatory and punitive damages from appellant for alleged fraud in the repair of a trailer to be used to haul hazardous substances. A jury awarded appellee $4,298 in actual damages and $4,500 in punitive damages. Appellant's five enumerations of error address only the judgment relating to appellee's claim.

Appellee purchased the subject used trailer sight unseen. The trailer immediately was delivered to appellant for cleaning and repairs so that it could be certified for transport of toxic substances. Appellee then intended to sell the trailer to a prospective buyer at an agreed upon price and realize a substantial profit. After appellant returned the trailer, appellee noticed a large hole in one of the compartments, which rendered the trailer wholly unsafe for its intended use. Appellant returned the trailer to appellee, and an extensive inspection revealed considerable structural damage to the trailer's underside, which would have necessitated costly repairs. The parties were unable to reach an agreement on the repair of the trailer, and appellee instituted this action to recover damages resulting from alleged lost profits, reduction in value of the trailer, and unnecessary repair expenditures.

The case proceeded to trial on appellee's claim only under a fraud theory. The fraud claim arose from the alleged fact that appellant returned the trailer to appellee with a marking indicating that it had been hydrostatically tested in "4/81." It is undisputed that appellant worked on the trailer in April 1981. The invoice failed to indicate that the trailer had been tested, and appellant's shop foreman testified that appellant did not test the trailer and did not charge appellee for such a test. Appellant's former service representative testified that a hydrostatic test was to be performed on the trailer and that he so instructed the shop foreman. The trial revealed other, conflicting evidence concerning the putative test date marking on the trailer. It is undisputed that a hydrostatic test would have revealed the large hole.

1. Appellant's first and second enumerations of error charge that the trial court erred in denying its motions for directed verdict and for judgment n.o.v. As can be seen from the statement of facts above, there was evidence from which the jury could have concluded: (1) that appellant represented to appellee that the trailer had been tested; (2) that appellant knew the representation was false; (3) that the representation was made with the intention of deceiving appellee into believing that the trailer had been tested; (4) that appellee justifiably relied on that representation; and (5) that appellee was damaged at least to the extent that it paid for the test which it never received. See *McMichen v. Martin Burks Chevrolet,* 128 Ga. App. 482 (1) (197 SE2d 395). Accordingly, the trial court did not err in denying appellant's motion for directed verdict and for judgment n.o.v. on the ground that appellee failed to make a prima facie case of actionable fraud.

2. Appellant's fourth and third enumerations of error allege that the trial court erred in charging the jury on constructive fraud and denying appellant's motion for new trial. Appellee's claim of fraud is based upon alleged actual fraud (see *Lively v. Garnick,* 160 Ga. App. 591 (1) (287 SE2d 553)) and is brought pursuant to OCGA § 51-6-1 et seq. (Code Ann. § 105-301 et seq.), which requires a showing of actual fraud or "moral fraud." *DeVaughn v. Harris,* 103 Ga. 102, 105 (29 SE 613). Appellee cites *Reddick v. Strickland,* 25 Ga. App. 275 (4) (103 SE 94), for the proposition that the court's "reading to the jury the code definitions of actual, constructive, and legal fraud" was not error. However, in this case, unlike *Reddick,* the charge of the court did not instruct the jury that it must find a wilful misrepresentation before it could find appellant liable for fraud. Compare also *Kirkland v. Brewton,* 32 Ga. App. 128 (2) (122 SE 814). As a whole, the court's charge on the elements of appellee's theory of recovery was erroneous, misleading, and harmful, requiring the grant

of a new trial. See *American Motorist Ins. Co. v. Sutton,* 148 Ga. App. 872 (9) (253 SE2d 256).

3. Appellant's final enumeration of error challenges the trial court's charge on punitive damages on the ground that the charge was not warranted by the evidence. We have reviewed the evidence and determined that it authorized, but did not demand, a finding of actual fraud on the part of appellant. "In a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." OCGA § 51-12-5 (Code Ann. § 105-2002). Actual fraud, which requires a showing of wilful misconduct (*Lively v. Garnick,* supra), will support an award of punitive damages. *Club Mediterranee v. Stedry,* 159 Ga. App. 53 (2) (283 SE2d 30). Accordingly, the trial court did not err in instructing the jury on the issue of punitive damages.

4. Because the error addressed in Division 2 relates to the threshold issue of liability and requires a new trial on appellee's claim based on fraud, we will not address the issue of whether the compensatory damage award is supported by the evidence. The case is remanded to the trial court for a new trial.

*Judgment reversed and case remanded. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 19, 1983 —
REHEARING DENIED JUNE 16, 1983.

*J. Michael Lamberth,* for appellant.
*Thomas M. Martin,* for appellee.

ON MOTION FOR REHEARING.

Appellant correctly points out in its motion for rehearing that it is impossible to discern the jury's verdict on its counterclaim. The jury's verdict stated: "We the jury find for the plaintiff and award $4,298 damage and punitive damage of $4,500." Although this verdict appears to indicate clearly that the jury found for appellee on the counterclaim, the matter is confused when the trial court's charge is considered. The court instructed the jury that it could "counter-balance whatever you believe has been established by the preponderance of the evidence that the plaintiff has established, and *you may offset that by the amount of damages you think the defendant may be entitled to.*" (Emphasis supplied.) Although this language is inconsistent with other instructions relating to the verdict form, it is clear that the charge as a whole authorized the jury

to offset an award for appellee by any damages awarded on the counterclaim. Thus, we cannot determine just what the jury verdict was on the counterclaim. Consequently, despite appellant's failure to challenge the verdict form or enumerate any error relating to the counterclaim, the case must be remanded for new trial on appellee's fraud claim and on the counterclaim.